J. C. PAYNE, **Plaintiff-Appellant,**

v.

CRANE COMPANY, **Defendant-Appellee.**

**No. 77–1048**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir.,
1970, 431 F.2d 409, Part I.

E. Stephen Williams, Jackson, Miss., for plaintiff-appellant.

George Q. Evans, Joseph Leray McNamara, Jackson, Miss. for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

This cause is before this court on an appeal from an Order dismissing an action for lack of jurisdiction. The district court held that the plaintiff, J. C. Payne, failed to comply with the requirements of 29 U.S.C. § 626(d), which requires that a plaintiff give notice to the Secretary of Labor of the United States of his intent to sue his employer within one hundred eighty (180) days after occurrence of the action made unlawful by the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. We affirm.

Plaintiff gave notice to the Secretary of Labor of his intent to sue on December 1, 1975. Thus, the sole issue for the district court was whether plaintiff's termination, the allegedly unlawful act, occurred more than 180 days prior to December 1, or before June 4, 1975. In fact, plaintiff's supervisor informed him on January 28, 1975, that he would be retired. On April 7, 1975, officers of defendant company told plaintiff that he could not perform any services for the company after that date. On May 1, 1975, Payne returned his company credit cards, travel order drafts, and travel authorization letter. Plaintiff's last salary check covered the period ending June 30, 1975.

Plaintiff relies on the last salary check to make his letter of intent timely, but to no avail. The district court found that the final payments were merely a gratuity to plaintiff while the arrangements for his retirement were being made. That finding is not clearly erroneous. We need only determine here that, when the employer, by acts or words, shows a clear intention to dispense with the services of an employee, a discharge occurs at the latest as of the date after which the services are no longer accepted. *Taylor v. Tulsa Tribune*, 136 F.2d 981 (10 Cir. 1943); *Monroe v. Penn-Dixie Cement Corp.*, 335 F.Supp. 231 (N.D.Ga., 1971). The district court correctly held that the defendant's intention was clear to plaintiff at least by May 1, 1975, at which time he returned his company credit cards and travel authorization and was not engaged in any work whatsoever for the defendant.

AFFIRMED.