**Ernest A. HICKS**

v.

**COMMUNICATIONS COUNSELORS NETWORK, INC. and the Interpublic Group of Companies, Inc.**

**Civ. A. No. C76–1164A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 8, 1978.

A. Glen Steedley, Jr., Atlanta, Ga., for plaintiff.

N. Forrest Montet and Malcolm P. Smith, Atlanta, Ga., for defendants.

### ORDER

EDENFIELD, District Judge.

By order of March 3, 1978, the court directed that plaintiff address himself to the question of whether this age discrimination action should be dismissed as time-barred. The case is now before the court pursuant to that order and on plaintiff's motion to reconsider and to vacate.

Plaintiff last worked for defendants in May of 1974, but remained on the payroll until July 15, 1974. He failed to file suit until July 13, 1976, but the court initially measured the two-year statutory period of limitations provided by 29 U.S.C. § 255(a) from the date of administrative termination and concluded that the action was timely filed. Order of December 20, 1977, at 8–9. The case of *Payne v. Crane Co.,* 560 F.2d 198 (5th Cir. 1977), subsequently came to the court's attention, however, and as it appeared to invalidate the approach taken in December and the court saw no basis for invocation of a three-year limitations period, the court found it necessary to require plaintiff to discuss the limitations issue once again.

Plaintiff now takes issue with the court's conclusion that there has been no showing of wilfulness which would trigger a three-

year statute of limitations and thus avoid the *Payne* problem. *See* 29 U.S.C. § 255(a); Order of March 3, 1978, at 3. While a wilful violation of the age discrimination statute cannot be said to be present in this case in the sense in which that term is ordinarily thought of, it nevertheless appears that plaintiff is correct in his assertion that the three-year statute applies to this case. Accordingly, for the reasons which follow, the motion for reconsideration is GRANTED, and the order of March 3 is VACATED insofar as it concluded that wilfulness was not present in this case.

The Court of Appeals for the Fifth Circuit has adopted the following standard in construing the limitations provision:

> [N]either a good faith belief in the lawfulness of his [action] nor complete ignorance of [its] invalidity shields the employer from the additional year of liability. Such nescience and naivete are not determinative on the question of willfulness under this Act. An employer acts willfully and subjects himself to the three year liability provision if he knows, or has reason to know, that his conduct is *governed by* the [Age Discrimination in Employment Act].

*Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir. 1974) (emphasis in original); *see also Hays v. Republic Steel Corp.,* 531 F.2d 1307, 1309–10 (5th Cir. 1976); *Brennan v. J.M. Fields, Inc.,* 488 F.2d 443, 448 (5th Cir. 1973), *cert. denied* 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed.2d 121 (1974); *Brennan v. General Motors Acceptance Corp.,* 482 F.2d 825, 828 (5th Cir. 1973); *Coleman v. Jiffy June Farms, Inc.,* 458 F.2d 1139, 1142 (5th Cir.), *cert. denied* 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972) ("Did the employer know the [age statute] was in the picture?"); *Dunlop v. New Hampshire Jockey Club, Inc.,* 420 F.Supp. 416, 423–24 (D.N.H.1976), *rev'd on other grounds, sub nom. Marshall v. New Hampshire Jockey Club, Inc.,* 562 F.2d 1323 (1st Cir. 1977). In the instant case, Richard Confer, the president of de-

fendant Communications Counselors Network, Inc. and the individual who fired plaintiff, testified at his deposition that he was aware that there was a federal act dealing with discrimination on the basis of age. As he must also have known that plaintiff was over 50 at the time of his termination, and as it appears reasonable to the court to impute Confer's knowledge to the defendants, the conclusion which of necessity follows is that the employer knew, or had reason to know, that any action taken with respect to plaintiff must comply with the provisions of the governing federal discrimination statute. That being so, regardless of which party has the burden on this point, the *Brennan* standard set forth above has been met and this action is governed by a three-year statute of limitations. As a result, the case is not time-barred.

In sum, plaintiff's motion for reconsideration is GRANTED, and the court's order of March 3, 1978 is VACATED insofar as it concludes that the three-year statute of limitations is inapplicable to this case.[*]

So ORDERED, this 8th day of May, 1978.

---

[*] The court need not definitively address plaintiff's further contention that the two-year statute itself had not run when suit was filed. However, these arguments do not appear to be

well-taken in light of *Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821 (1953), and *Ott v. Midland-Ross Corp.,* 523 F.2d 1367 (6th Cir. 1975).