Ray MARSHALL, Secretary of Labor, United States Department of Labor, (Equal Employment Opportunity Commission substituted in the place and stead of F. Ray Marshall, Secretary, etc.), Plaintiff-Appellant,

v.

KIMBERLY–CLARK CORPORATION, Defendant–Appellee.

No. 78–2245.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1980.

---

Donald S. Shire, Associate Sol., Kerry L. Adams, Atty., U. S. Dept. of Labor, Washington, D. C., Beatrice Rosenberg, Asst. Gen. Counsel, EEOC, Washington, D. C., for plaintiff-appellant.

Stephen Sussman, J. Leonard Samansky, Irving D. Lipkowitz, New York City, for defendant-appellee.

Before BROWN, GEWIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Plaintiff-appellant appeals the granting of a motion for summary judgment dismissing the claim as barred by the statute of limitations. The district court held that the plaintiff failed to comply with 29 U.S.C. § 626(e) which requires that suit be brought within the three year limit set by 29 U.S.C. § 255. Finding that a dispute exists as to a material fact we reverse and remand.

On February 12, 1973, Harold Sturm was notified by his employer, the appellee, Kimberly-Clark, that he was to retire on April 1. This date was changed to June 30, at which time Sturm vacated his office but continued on the payroll on "special assignment" until September 30. Beginning October 1, Sturm received severance and vacation pay.

Sturm had been an employee for 36 years and reached age 61 in July of the year of his termination. He complained of age discrimination to the Department of Labor and pursuant to 29 U.S.C. § 626(d)(1) he notified Kimberly-Clark of his intention to sue. The Department initiated conciliation proceedings which were unsuccessful and on September 22, 1976, suit was filed. Kimberly-Clark sought summary judgment claiming that Sturm was discharged on June 30, 1973, and thus the statute of limitations had accrued and

barred the action. The district court first denied the motion, applying the rule of *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975), to the effect that the date of final discharge controls. After further discovery the motion was renewed and the district court reversed its ruling, concluding that our decision in *Payne v. Crane Co.*, 560 F.2d 198 (5th Cir. 1977), compelled a finding that the claim was time-barred. The district court held that under the *Payne* test Sturm was "discharged" on June 30, 1973, not September 30, 1973, therefore the three year limitation period prescribed by 29 U.S.C. § 626(e) expired June 30, 1976. As noted above, suit was filed on September 22, 1976.

Section 626(d)(1) of Title 29 U.S.C. requires that a plaintiff give notice to the Secretary of Labor of the intention to sue the employer for discrimination within 180 days of the alleged unlawful discharge. *Payne* addressed the question as to when the discharge occurred for purposes of commencing this 180 day period. We perceive no reason to distinguish between this starting date and the beginning date of the three year period for filing under 29 U.S.C. § 626(e).

The district court found *Payne* to be controlling and found that it mandated the granting of the motion for summary judgment. We disagree. The district court gave *Payne* an overly broad application. The dispositive language of *Payne* opined:

We need only determine here that, when the employer, by acts or words, shows a clear intention to dispense with the services of an employee, a discharge occurs at the latest as of the date after which the services are no longer accepted.

560 F.2d at 199.

In *Payne* the employee was told in January that he would be retired. On April 7, the employee was told that after that date he could not perform any services for the employer. On May 1, he returned his company credit cards, travel order drafts and travel authorization letter. Although the employee was paid through June 30, the

court found that the employer's "intention was clear . . . at least by May 1, . . . at which time he [Payne] returned his company credit cards and travel authorization and was not engaged in any work whatsoever for the defendant." 560 F.2d at 199.

Kimberly-Clark insists that Sturm's discharge date was June 30. In support of its position it refers to the following facts:

1. the initial plan was to retire Sturm on April 1, but the date was delayed until June 30 at Sturm's request so that he might benefit from certain stock options;

2. Kimberly-Clark's expressed intent to terminate Sturm on June 30;

3. Sturm's vacating of his office and being replaced on June 30;

4. Sturm's notification to fellow employees of his retirement on June 30;

5. a retirement dinner for Sturm in early June;

6. Sturm's successor working with Sturm on transitional matters until June 30;

7. Sturm's not doing any work between June 30 and September 30;

8. an internal memo which said that Sturm was to remain on the payroll until September 30, "though not working";

9. notification to Sturm that his "last active day" would be June 30;

10. notification to Sturm that he was not authorized to incur expenses after June 30; and

11. Sturm's apparent understanding that his work was to end on June 30.

The Secretary insists that Sturm's discharge date was September 30. In support of his position he refers to the following facts:

1. Sturm was carried on Kimberly-Clark's books on "special assignment" after June 30;

2. Sturm was fully paid on a salary basis until September 30;

3. only after September 30, were payments to Sturm classified as "severance pay";

4. Sturm understood that he was "on call" until September 30, and would have to perform such duties as requested;

5. Sturm retained his company credit cards and travel authorization until September 30;

6. Kimberly-Clark's statement that Sturm was terminated on October 1; and

7. Sturm retained use of a company vehicle until September 30.

Kimberly-Clark states that it did not intend for Sturm to work after June 30. Sturm states that he understood his "special assignment" to mean he was to be available as needed, for whatever work Kimberly-Clark might have, until September 30.

■ For a summary judgment to be appropriate the dispositive, material facts must be clear and certain. As we noted in *Insurance Co. of No. America v. Bosworth Construction Co.*, 469 F.2d 1266, 1268 (5th Cir. 1972):

A summary judgment, of course, should not be granted if there is a genuine issue as to any material fact. The burden is on the moving party to show that there is not the slightest doubt as to the facts and that only the legal conclusion remains to be resolved. . . . Even though the facts are undisputed, summary judgment is inappropriate if competing reasonable inferences may be drawn as to any material factual issue.

In the case at bar the sole issue is whether the suit was timely filed. "If there is a disputed factual issue about whether the suit was timely brought, the plaintiff must be allowed to present evidence on this issue." *Higgenbotham v. Ochsner Foundation Hospital*, 607 F.2d 653, 657 (5th Cir. 1979). A dispute over the facts surrounding the date the statute of limitations began "would alone warrant denial of the motion for summary judgment." *Id.* at 657.

■ The record before us reflects that there is considerable evidence in support of

each party's contention. Although Sturm performed no service for Kimberly-Clark after June 30, it is not clear that his services after that date would not have been accepted. There are facts in dispute and, equally important, there are competing reasonable inferences which may be drawn. The trier of fact must resolve these disputes. We cannot do so by using the summary judgment vehicle powered by the brief rubric of *Payne*.

The granting of the motion for summary judgment is REVERSED and the matter is REMANDED for further proceedings.