Barbara J. SUTTON

v.

ALUMINUM COMPANY OF AMERICA.

Civ. No. 3–80–400.

United States District Court,
E. D. Tennessee, N. D.

Nov. 7, 1980.

Anne C. Greer, Knoxville, Tenn., for plaintiff.

John B. Rayson, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

In this Title VII action, plaintiff alleges that she was terminated from employment with defendant on a basis of her sex, in violation of § 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Defendant has moved for summary judgment on the ground that plaintiff's claim was not timely filed with the Equal Employment Opportunity Commission (EEOC) as required by § 706(e) of that Title, 42 U.S.C. § 2000e–5(e).

Plaintiff admits that she filed her claim with the EEOC 287 days after her discharge, which is, of course, beyond the 180–day limit set by the statute. 42 U.S.C. § 2000e–5(e). However, she argues that the case should not be dismissed because (1) she diligently pursued the available grievance procedure and filed with the EEOC only two weeks after the arbitrator finally decided the case adverse to her, and (2) that because Tennessee is a "deferral state", she

has 300 days to file her claim under 42 U.S.C. § 2000e–5(e).

■ We must reject both these arguments. First, the Supreme Court has held that arbitration procedures do not toll the time within which a Title VII claim must be filed. *International Union of Electrical, Radio and Machine Workers, AFL–CIO, Local 790 v. Robbins and Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). Secondly, the 300–day period applies only "in a case of an unlawful employment practice with respect to which the person aggrieved *has initially instituted* proceedings" with the appropriate state agency. 42 U.S.C. § 2000e–5(e). (Emphasis added.) *See Mohasco Corp. v. Silver,* —— U.S. ——, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Plaintiff makes no claim that she *initially* instituted timely proceedings with the Tennessee Commission for Human Development.

■ Plaintiff also argues that the period of limitations should be equitably tolled as falling within the exceptions referred to in *Robbins and Myers, Inc., supra*, to–wit: Where a plaintiff is prevented from filing her claim, or where there is disagreement as to the date of the discharge. Neither of these exceptions can be said to apply to this case. Plaintiff makes no allegations that the defendant prevented her from filing her claim, but says that she relied on the mistaken advice of her union representatives to pursue her grievance remedies first. This is unfortunate, indeed, but is not enough to support her claim that the company should be estopped from asserting the time bar. As to the second exception, the parties do not disagree as to the final date of discharge, but only as to the legal effect of the grievance procedures. Plaintiff's argument must therefore fail.

Accordingly, it is ORDERED that defendant's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order accordingly.