**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**KIMBERLY–CLARK CORPORATION, Defendant.**

**Civ. A. No. C76–1561A.**

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 31, 1981.

Carlton R. Stewart, James Woodson, Atlanta, Ga., for plaintiff.

J. Fraser Humphreys, Jr., Memphis, Tenn., J. Leonard Samansky, New York City, for defendant.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This case is before the court on defendant's renewed motion for summary judgment pursuant to Fed.R.Civ.P. 56(b), on the grounds that this action was not timely filed and is barred by the statute of limitations applicable under *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). This action was originally brought by the Secretary of Labor for injunctive relief and damages pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* The Equal Employment Opportunity Commission was substituted as plaintiff by Order of court entered March 11, 1981. The plaintiff alleges that defendant retired Harold L. Sturm because of his age in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

There are several dates relevant to the determination of this motion. The defendant notified Mr. Sturm on February 12, 1973, that he was to retire on April 1. This date was changed to June 30, at which time Mr. Sturm vacated his office but continued on the payroll on "special assignment" until September 30. Mr. Sturm received severance and vacation pay beginning October 1. Mr. Sturm reached 61 years of age in July of 1973, the year of his termination. He had been defendant's employee for 36 years. After a complaint to the Department of Labor and unsuccessful conciliation, suit was filed on September 22, 1976.

Defendant's first summary judgment motion claimed that Mr. Sturm was discharged on June 30, 1973, and the relevant statute of limitations had run by the time of suit, thus barring the action. 29 U.S.C. § 626(e) prescribes a three-year limitations period. Plaintiff claimed that Mr. Sturm was discharged on September 30, 1973. Defendant's motion was denied by Judge Henderson's order of April 26, 1977, applying *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975), to the effect that the date of final discharge controls. A renewed motion by defendant was granted applying *Payne v. Crane Co.*, 560 F.2d 198 (5th Cir. 1977). However, the Fifth Circuit reversed the district court's ruling because there were genuine issues of dispute over material facts surrounding the date the statute of limitations began. *Marshall v. Kimberly-Clark Corp.*, 625 F.2d 1300. The *Payne* test states that when the employer's intention to dispense with services of an employee is clear, a discharge occurs at the latest as of the date after which the services are no longer accepted. 560 F.2d at 199. The Fifth Circuit found that there was evidence in support of each party's contentions on when Mr. Sturm's services would *no longer* have been accepted. Accordingly, the case was reversed and remanded in order for trial on the evidence.

Defendant has now renewed its motion for summary judgment claiming that

there are no facts in dispute relating to application of the *Ricks* test to this action. In *Delaware State College v. Ricks, supra,* the college tenure committee in February, 1974 recommended that Ricks, a black male professor of Liberian origin, be denied tenure. The Board of Trustees denied tenure by formal vote in March, 1974. Ricks filed a grievance, and during its pendency on June 26, 1974, the Board offered him a one-year "terminal" contract; his services under the contract would end June 30, 1975. The grievance was formally denied September 12, 1974. 42 U.S.C. § 2000e–5(c) requires an employee to file discrimination charges within 180 days after the alleged unlawful employment practice occurred. The Supreme Court reinstated the district court order dismissing the action that the Third Circuit had concluded should proceed. The Supreme Court found that the limitations period began no later than June 26, 1974, when Ricks was notified of the one-year contract. In thus finding that the period began when the decision was made and the employee notified, the Court stated:

> In sum, the only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to Ricks. That is so even though one of the *effects* of the denial of tenure—the eventual loss of a teaching position—did not occur until later. (Emphasis by Court; footnote omitted.)

101 S.Ct. at 505.

Defendant first claims that there is no basis to distinguish between the start of the limitations period under the ADEA for purposes of the 180-day administrative filing requirement, on the one hand, and for purposes of the three-year statute of limitations, on the other hand. The Fifth Circuit reached that same conclusion in *Marshall v. Kimberly-Clark,* 625 F.2d at 1301. Section 626(d)(1) of Title 29 U.S.C. requires filing "within 180 days after the alleged unlawful practice occurred." These words are the same as found in the provision of Title VII discussed in *Ricks.* The limitations period commences "when the cause of action accrued" under 29 U.S.C. § 626(e). Defend-

ant presents uncontradicted affidavits to establish that a termination decision was made and communicated to Mr. Sturm on February 12, 1973. Moreover, the record shows that there was no reconsideration given to the initial decision.

Plaintiff argues that *Ricks* is not controlling. However, the fact that *Ricks* involved a private litigant and the case at bar is prosecuted by the EEOC, cannot serve to distinguish the actions. The ADEA does not draw this distinction, and the court finds no basis to treat the question of when a cause of action accrues differently depending on who brings suit. Plaintiff argues that the fact that *Ricks* involved a denial of tenure and the case at bar involves a discharge, aids in distinguishing the actions. Plaintiff also points out that the Supreme Court stated that the application of the general principles in *Ricks* must be made on a case-by-case basis because employment discrimination complaints present varying circumstances.

*Ricks* had apparently not clearly rejected the suggestion in *Bonham v. Dresser Industries,* 569 F.2d 187 (3rd Cir. 1977), *Payne v. Crane Co.,* 560 F.2d 198 (5th Cir. 1977), and *Marshall v. Kimberly-Clark Corp.,* 625 F.2d 1300 (5th Cir. 1980), that the limitations period will not begin to run until the last day of work if notice of discharge is given earlier. *See, Naton v. Bank of California,* 649 F.2d 691, 695 (5th Cir. 1981). The First Circuit decided that for purposes of wrongful discharge claims, the cause of action accrued and the statute of limitations period began, on the date the discharge took effect, rather than the date of receipt of advance notification of discharge. *Rivera Fernandez v. Chardon,* 648 F.2d 765 (1981). The First Circuit distinguished *Ricks* as follows:

> The Court found that Ricks' complaint was based on the denial of tenure, which was effective immediately; it followed, therefore, that the limitations period began as soon as Ricks received notice of that action. Here, plaintiffs complain of discharges and demotions, not of any dis-

tinct event that occurred at an earlier date. The letters notifying them of the planned actions were notice and nothing more; they were not actions in themselves comparable to the denial of tenure. 648 F.2d at 720. Thus, the situation in *Ricks* involved a challenge to the denial of tenure as a completed act. The consequences of denial of tenure are not dependent on its being followed by discharge. In *Rivera Fernandez*, the First Circuit found that the act which was challenged was not complete until actual termination. Sometime between June 3 and June 17, 1977, each plaintiff received a letter indicating a date, between June 30 and August 8, when the action would take effect.

The *Rivera Fernandez* case left open the possibility of an analogy in a discharge case to a tenure decision case. "Were the decision separated from its implementation by a greater time period than is involved here, and were the decision-making process more formal and definitive than appears here, the analogy to a tenure decision would be closer." 648 F.2d at 770 n.8.

However, the basis urged for dismissal of the complaint has recently been confirmed by the Supreme Court opinion reversing the First Circuit on the ground that the Court of Appeals' decision was contrary to *Ricks*. *Chardon v. Fernandez*, —— U.S. ——, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). The Supreme Court stated:

> The Court of Appeals for the First Circuit distinguished *Ricks* on the ground that *Ricks* had alleged that *denial of tenure* was the "unlawful employment practice," whereas here respondents allege that *termination of their employment* as administrators was the "unlawful employment practice." We think *Ricks* is indistinguishable.... [I]n each case, the operative decision was made—and notice given—in advance of a designated date on which employment terminated.
>
> In *Ricks*, we held that the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful. Id., at 258. The fact of termination is not itself an

illegal act.... There were no other allegations, either in *Ricks* or in these cases, of illegal acts subsequent to the date on which the decisions to terminate were made. As we noted in *Ricks*, "[m]ere continuity in employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." Id., at 257. In the cases at bar, respondents were notified, when they received their letters, that a final decision had been made to terminate their appointments. The fact that they were afforded reasonable notice cannot extend the period within which suit must be filed.

(Emphasis by the Court; footnote omitted.)

—— U.S. at ——, 102 S.Ct. at 29. Thus, in the case at bar alleging unlawful discharge, the statute of limitations commenced when the employee is notified that his job is to be terminated. It is not disputed that such notice was received by plaintiff on February 12, 1973. The statute of limitations therefore expired over six months prior to the commencement of the action.

Plaintiff has argued that even if it is determined that the suit was not timely filed, the doctrine of equitable tolling should prevent a bar. Plaintiff argues that defendant is estopped from asserting for statute of limitations purposes that Sturm was terminated earlier than September 30, 1973, or in the alternative the statute of limitations should be equitably tolled. In support of these alternative arguments, plaintiff relies on a letter to Gerald J. Nikolaus, Compliance Officer of the U.S. Department of Labor, from defendant's Personnel Relations attorney, dated April 26, 1974. The letter was written in response to plaintiff's request for written confirmation of the circumstances surrounding the termination of Mr. Sturm. The letter states that Mr. Sturm "was terminated on October 1, 1973" (hereafter referred to as September 30, 1973, consistent with plaintiff's briefs and because all other documentation reflects a September 30 date). The letter also states that "Sturm was first notified on or

about February 12, 1973 that he would be replaced as regional sales manager." Plaintiff has submitted affidavits of the government attorneys to the effect that they relied on the letter in that it induced them to conduct conciliation with an eye towards filing a complaint by September 30, 1976. Plaintiff has also submitted affidavits stating that the government attorneys relied on the letter's "representation" when they consented to defendant's request in March, 1976 that defendant be given additional time to present its position in conciliation.

Plaintiff characterizes the situation as reliance on a "factual" representation about the date of the termination "at issue." However, plaintiff appears to be arguing that the letter represented that the date the cause of action accrued was September 30. This would amount to an allegation that the letter made a *legal* conclusion, but there is no evidence that the date was given with that intent. Judge Henderson found that the letter "accurately gave the details of the discharge, including the fact that his salary continued through September 30, 1973, as a favor to the employee. Moreover, at the time of conciliation efforts and the letter of April 26, 1974, the controlling judicial construction of the discharge date or accrual of the cause of action had not been made by the courts. The Secretary, more than the private litigant, must be charged with knowledge of the law and the relief provided by the ADEA." Order of April 7, 1978. This court has no basis to find Judge Henderson's conclusion in error. Plaintiff cites *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) and *Coke v. General Adjustment Bureau,* 640 F.2d 584 (1981) for the contention that summary judgment may not be granted since plaintiff has made allegations creating genuine issues of fact with respect to plaintiff's reasonable reliance on defendant's misleading letter. However, in light of Judge Henderson's conclusion, which this court accepts, there are no genuine issues of fact as to equitable modification. Moreover, in light of *Chardon,* defendant's allegedly misleading actions took place *after* plaintiff was notified that he would be replaced.

In sum, defendant's motion for summary judgment is GRANTED.