**William A. PFISTER, Plaintiff,**

v.

**ALLIED CORPORATION (formerly Allied Chemical Corporation), a New York corporation, Defendant.**

**No. 81 CIV 8093 (LBS).**

United States District Court, S. D. New York.

April 29, 1982.

---

John Fellinger, New York City, for plaintiff; William P. Larsen, III, New York City, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, Andrea S. Christensen, New York City, for defendant.

## OPINION

SAND, District Judge.

Plaintiff, William A. Pfister, was employed by the defendant, Allied Corporation, as Assistant General Counsel. On September 17, 1979, the plaintiff was given written notification that he would be officially terminated on October 31, 1979, though his actual last day of work was September 31, 1979. According to the plaintiff, on April 23, 1980, he filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC notified the defendant by letter dated May 14, 1980 that it would commence its conciliation efforts. Two months later, by letter dated July 14, 1980, the EEOC informed the plaintiff that conciliation efforts had failed, and that the plaintiff could initiate his own private action.

The plaintiff alleges that "during the time surrounding his termination," he made repeated attempts to persuade Allied to "reserve its employment decision," and that on or about January 20, 1981, the defendant offered the plaintiff approximately $10,000 to settle his case and withdraw his charge. Plaintiff's Brief at 1–2. According to the plaintiff, although no settlement was reached, "plaintiff continued to seek amicable resolution of his grievance with the defendant" and Allied showed "a willingness to discuss the matter." Plaintiff's Brief at 2.

On December 29, 1981, the plaintiff commenced the present action alleging that he was unlawfully terminated because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

The defendant has brought this motion to dismiss the complaint on the grounds that the plaintiff's suit is untimely since it was not commenced within the two-year statute of limitations period for non-willful violations, and for failure to state a claim upon which relief can be granted.

■ The statute of limitations for actions brought under the ADEA is determined by § 255 of the Portal-to-Portal Pay Act which provides:

"[an action] may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued...."

29 U.S.C. § 255(a). The defendant asserts that a cause of action for wrongful termination under the ADEA accrues on the date that the employee receives notice of the alleged unlawful action, and the plaintiff contends that such an action accrues when the employee's termination actually takes effect.

A review of recent Supreme Court pronouncements on this and analogous subjects convinces the Court that the defendant's position is a correct statement of the current state of the law. In *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the plaintiff was informed that he was denied tenure at Delaware State College and that he was being offered an additional one-year terminal contract. He filed a discrimination charge with the EEOC and more than two years later, commenced an action under Title VII and § 1981 of Title 42 of the United States Code, alleging discrimination on the basis of national origin. The District Court's conclusion that the plaintiff's cause of action under both statutes accrued when he received notice of the alleged unlawful act was sustained by the Supreme Court. In

rejecting the plaintiff's argument that the existence of a grievance procedure caused the limitation period to run from the date of his actual termination, the Court stated that "[t]he existence of careful procedures to assure fairness in the tenure decision should not obscure the principle that limitations periods normally commence when the employer's *decision is made.*" 449 U.S. at 261, 101 S.Ct. at 506 (emphasis added).

The plaintiff protests that the Supreme Court's decision in *Ricks* is applicable only to cases involving tenure decisions. The Supreme Court has explicitly rejected this argument in its reversal of a First Circuit decision which had held that a cause of action accrues at the time a wrongful discharge actually takes effect. *Fernandez v. Chardon*, 648 F.2d 765 (1st Cir.), *rev'd*, —— U.S. ——, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). The Supreme Court stated:

"The Court of Appeals for the First Circuit distinguished *Ricks* on the ground that Ricks had alleged that *denial of tenure* was the 'unlawful employment practice,' whereas here respondents allege that *termination of their employment* as administrators was the 'unlawful employment practice.' We think *Ricks* is indistinguishable."

102 S.Ct. at 28 (emphasis in original). Even though the plaintiff in *Chardon* continued to work for a year after he was notified of his termination, the statute of limitations was held to run from the date he received notice of the termination decision.

A number of courts have subsequently applied the *Chardon* rule in ADEA cases. *See, e.g., Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir. 1981); *Lippert v. General Electric Co.*, 27 FEP Cases 1427 (W.D.Ky. 1982); *Cantrell v. Illinois Bell Telephone*, No. 81 C 4565 (N.D.Ill. December 3, 1981) (slip op.); *EEOC v. Kimberly-Clark Corp.*, 531 F.Supp. 58 (N.D.Ga.1981). The plaintiff has referred this Court only to pre-*Chardon* cases.

This Court, bound by the Supreme Court decisions in *Chardon* and *Ricks*, finds that the statute of limitations in this action be-

gan to run on the date the plaintiff received written notice of the final termination decision—September 17, 1979. As the Supreme Court noted in *Chardon* : "The fact that [he was] afforded reasonable notice cannot extend the period within which suit must be filed." 102 S.Ct. at 29. Thus, the plaintiff's claims of nonwillful ADEA violations were time-barred as of September 17, 1981, more than three months before this action was commenced.

The Court need not decide whether the ADEA provision tolling the statute of limitations during the time the Secretary is pursuing conciliation efforts applies to civil actions brought by private individuals. *See* 29 U.S.C. § 626(e)(2). This is so since, even if the limitations period was tolled for the longest conceivable conciliation period— from April 23, 1980 (the date on which the plaintiff filed his charge with the EEOC) to July 14, 1980 (the date of the EEOC's notice to the plaintiff that conciliation efforts had failed)—the plaintiff's action would still fail to have been timely filed.

■ The plaintiff asks this Court to modify equitably the ADEA time requirements, either by tolling or estoppel. The plaintiff relies primarily on his contention that "[d]efendant should not be permitted to assert the defense of statute of limitations for that period in which it participated in private settlement negotiations and thereby indirectly caused a delay." Plaintiff's Brief at 11. However, this is not the type of case in which settlement discussions would provide a ground for equitable relief. There is no allegation that the defendant acted in bad faith or deceitfully lured the plaintiff into settlement discussions, or that it attempted in any way to cause the plaintiff to miss the appropriate filing date. Rather, the plaintiff himself requested that the defendant discuss settlement with him, and the "[d]efendant can hardly be faulted for its display of courtesy to plaintiff in this regard." Defendant's letter to the Court of March 30, 1982 at 5. In addition, apparently the only settlement proposals ever seriously discussed involved the payment of additional money to the plaintiff, and not a

possible reinstatement. As the defendant has pointed out, if an employer's consideration of a monetary settlement could result in equitable tolling of the statute of limitations, employers might hesitate to engage in such discussions with a terminated employee. The policy interest in promoting settlements, coupled with the factual posture of this case, convinces the Court that the parties' settlement talks do not provide a rationale for equitable relief.

It may be noted that the plaintiff proffers no reason why he could not file his civil action in a timely manner and *still* pursue settlement discussions. Indeed, one can only conclude that the plaintiff's delay in filing his claim was the result of ignorance, inadvertence, or a last minute change of heart. These are insufficient causes for equitable tolling, especially since plaintiff is an experienced attorney who may be expected to know of the perils of untimely filing.

It is true that the ADEA is remedial and humanitarian legislation which has been liberally construed to effectuate the congressional purpose of protecting employees from discrimination on the basis of age. However, although the defendant had early notice of the plaintiff's dissatisfaction with his termination and suffered little, if any, prejudice from the late filing, there is no indication that Congress intended to exempt from the statute of limitations a plaintiff who simply slept on his right to sue. The cases on which the plaintiff relies depended upon the specific policies behind other limitations periods or are distinguishable from this action in that they involved such additional factors as misleading actions by the defendant, the fact that a layman had to proceed without the benefit of an attorney, the existence of contractual grievance procedures or a procedural technicality which would have created disunity among the states in a manner contrary to congressional intent. *See, e.g., American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1965); *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *Love v. Pull-*

*man Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

The Court therefore declines, on the facts of this case, to equitably modify the time requirement for filing a cause of action under the ADEA. The plaintiff's claims of non-willful violations of the ADEA are therefore dismissed as being untimely filed.

■ The defendant concedes that the plaintiff's charge of willful violation of the ADEA is governed by a three-year statute of limitations, and hence was timely filed. The defendant moves, however, to dismiss this count "for failure to allege any facts that are sufficient to state a cause of action for a *willful* violation." Defendant's Brief at 10 (emphasis in original).

The defendant's argument is without merit. Rule 9(b) of the Federal Rules of Civil Procedure states: "In all averments of fraud or mistake, the circumstances constituting fraud of mistake shall be stated with particularity. Malice, *intent, knowledge, and other condition of mind of a person may be averred generally.*" (emphasis added). Were the plaintiff required to aver conditions of the mind with specificity, it would be virtually impossible to do so without presenting all the evidence bearing on the matter at length. *See* 2 A Moore's Federal Practice [2d ed.] ¶ 9.03 and cases cited therein.

The cases cited by the defendant in support of its motion are inapposite since they involved instances in which the pleading of specific underlying facts other than a condition of mind was found insufficient to support the claim. In the present action, the plaintiff properly alleges the facts supporting his contention that he was discriminatorily terminated because of his age, and generally avers willfulness in a manner which satisfies the requirements of Rule 9(b). *See* Complaint ¶¶ 21, 22.

The defendant's motion to dismiss the plaintiff's claim of willful violation of the ADEA is therefore denied.

SO ORDERED.