**Thelma LYDA, Plaintiff,**

v.

**AMERICAN BROADCASTING COMPANIES, INC., Defendant.**

**No. 83 Civ. 2061 (CBM).**

United States District Court,
S.D. New York.

Feb. 29, 1984.

Joseph Fleming, New York City, for plaintiff.

Epstein, Becker, Borsody & Green, P.C. by Frank C. Morris, Richard J. Reibstein, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

Plaintiff Thelma Lyda has brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (1976), alleging discrimination on the basis of race and sex with respect to the termination of her employment. Lyda, who is black, was a resident of Illinois at all times relevant to this litigation. In 1963, Lyda was hired as a "sales assistant" by WLS–TV in Chicago. WLS is owned by defendant American Broadcasting Companies, Inc. (ABC) which has its headquarters in New York. By 1979, when the first discriminatory acts are alleged to have occurred, Lyda had become an "account executive" at WLS. On February

17, 1981, Lyda was notified in writing that her employment would be terminated because of poor job performance. March 20, 1981 was Lyda's last day of work at WLS.

Title VII requires a plaintiff to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of accrual of the cause of action. 42 U.S.C. § 2000e–5(e). This period is extended to 300 days for plaintiffs who "initially institute" charges of discrimination with a state or local agency created to resolve such charges. In states where these "deferral agencies" exist, the EEOC will initially refer all claims to the appropriate deferral agency. In that case, a charge of discrimination is not deemed to have been filed with the EEOC until the deferral agency has had sixty days to act on the charge. Once the charge is filed with the EEOC, that agency may institute proceedings on behalf of the claimant. Should the EEOC fail to institute proceedings, the claimant may ask for a notice granting her the right to sue. 42 U.S.C. § 2000e–5(f)(1).

On October 20, 1981, Lyda, through her attorney, submitted a charge of discrimination to the EEOC in New York. Therefore, the earliest date on which Lyda's charge could be deemed to have been filed with the EEOC was December 19, 1981. In fact, the EEOC did not instantly refer Lyda's claim to the state deferral agency, the New York State Division of Human Rights (NYSDHR); rather, referral to the NYSDHR occurred on November 30, 1981. In any event, neither the NYSDHR nor the EEOC ever acted on Lyda's complaint. In December 1982, over a year after bringing her charge of discrimination, Lyda wrote the EEOC requesting a right to sue notice. The EEOC issued a right to sue notice on December 16; Lyda instituted this litigation in March 1983.

*Discussion*

■ The court may grant a motion for summary judgment only upon a showing that "there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see, e.g., Adickes v. S.H. Kress and Company*, 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970). The burden of proving the absence of a material issue of fact rests with the movant. *See, e.g., Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2d Cir.1980). Even so, the party opposing the motion cannot rely on mere allegations to demonstrate that a dispute exists. *Markowitz v. Republic National Bank of New York*, 651 F.2d 825, 828 (2d Cir.1981). The court concludes that Lyda's arguments amount to mere allegations which fail to establish the existence of material issues of fact as to a pair of threshold issues.[1]

■ In the first place, it seems clear that Lyda failed to file her claim within the filing period specified by Title VII, 42 U.S.C. § 2000e–5(e). Although Lyda filed her claim with the NYSDHR within New York's one year limitation period for charges of discriminatory practices, N.Y. Exec.Law § 297(5) (McKinney 1982), the claim was not "initially instituted" until after more than 180 days had elapsed. Thus, Lyda cannot claim the benefit of the extended 300 day filing period. *See Sutton v. Aluminum Company of America*, 500 F.Supp. 824, 826 (E.D.Tenn.1980). Therefore, her claim was not filed in timely fashion.

■ Even if Lyda's filing with the NYSDHR did extend the period for filing with the EEOC to 300 days, the court concludes that Lyda's claim still was tardy. Inasmuch as Lyda concedes that her charge could not be deemed to have been filed with the EEOC before December 19, 1981, the court need only determine whether the filing period commenced within 300 days of December 19. Lyda argues that her last day of work at WLS, March 20,

1981, triggered commencement of the filing period. This argument rests on Lyda's allegation that discrimination was a continuing condition of her employment at WLS. If accepted, Lyda's argument would place her filing within 300 days of December 19. The court, however, has determined that the filing period began on February 17 when Lyda received her notice of termination. Since the period between February 17 and December 19 exceeds 300 days, Lyda's filing of her charge was untimely.

In reaching this determination, the court is not finding fact; rather, the court is following a course charted by the Supreme Court. In *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the Supreme Court rejected a plaintiff's attempt to extend the Title VII limitation period to the date of his actual employment termination. Writing for the Court, Justice Powell explained that "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 257, 101 S.Ct. at 504. Similarly, Judge Sand of this court found *Ricks* controlling in a case brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (1976 and Supp. V), *Pfister v. Allied Corporation*, 539 F.Supp. 224 (S.D.N.Y.1982).[2] Judge Sand found that the statute of limitations "began to run on the date the plaintiff received written notice of the final termination decision." *Id.* at 226–27. *See also* Schlei & Grossman, *Employment Discrimination Law* 1047 (2d ed.) (noting that continuing violation of Title VII will "rarely be found when discharges are involved").

As in *Ricks*, Lyda's complaint arises out of her termination. Although Lyda asserts that discrimination constituted a continuing condition of her employment, she offers

---

1. Local Rule 3(g) requires the party opposing a motion summary judgment to submit a "short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." By failing to submit such a statement Lyda is deemed to have admitted the material facts set forth in ABC's 3(g) statement. Local Rule 3(g). The court notes that, for the

most part, the facts set forth in ABC's 3(g) statement are not controversial.

2. The Supreme Court has found that Title VII and the ADEA deserve nearly identical analysis. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979).

nothing to overcome Justice Powell's admonition against prolonging the life of a cause of action for employment discrimination. In essence, her complaint lists actions which created the appearance of poor job performance, resulting ultimately in her termination.[3] In this vein, Lyda seeks, *inter alia*, reinstatement with promotion and back pay. Her claim for compensatory damages stands unsupported by any showing of physical or emotional harm. In short, Lyda's claim of continuing discrimination is a mere allegation, insufficient to delay commencement of the period for filing a claim of discrimination with the EEOC.

■ Alternatively, the court concludes that Lyda should have filed her claim in Illinois. Illinois is a proper forum for her claim in that it represents her place of residence, the location of her employer and the location of the alleged discriminatory activity. That New York has only tangential connection to this case is clear from Lyda's concession that her dismissal was caused by officials at WLS in Chicago and not at ABC in New York.

The court finds persuasive the reasoning advanced in *DePriest v. Seaway Food Town Inc.*, 543 F.Supp. 1355 (E.D.Mich. 1982), which involved a claim brought under the ADEA. In *DePriest*, a plaintiff filed her EEOC claim in Ohio, her home state, despite the fact that all the allegedly discriminatory activity occurred in Michigan. The court noted DePriest's mistake and explained that failing to file with the agency of the proper state had the same effect as "failure to file at all with an available state agency." *Id.* 1360. Similarly, Lyda's failure to file in Illinois precludes administrative review of her case by the concerned state. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979).

*DePriest* provides two exceptions—excuse and multi-state discrimination—by which a plaintiff's failure to file a claim properly will not result in dismissal. It does not appear that Lyda falls within either exception. Excuse, such as ignorance, seems inapplicable in this case, especially since Lyda has been represented by her current counsel from the start of the litigation. Lyda's reliance on multistate discrimination is misplaced both as a matter of fact and as a matter of law. Factually, Lyda merely alleges that ABC's policies caused discrimination. Again, Lyda offers nothing to substantiate her allegations. Legally, the theory behind the requirement for filing with a state deferral agency is that such filing will allow states to resolve some claims, thereby screening them from federal court. 441 U.S. at 756, 99 S.Ct. at 207. Here, there has been no evidence to support the allegation that New York was closely connected to the discrimination. New York could not have "settle[d] anything to the satisfaction of anyone." *DePriest*, 543 F.Supp. at 1360. Therefore, the reasoning of *DePriest* seems on point; Lyda's claim should have been filed in Illinois.

Even if Lyda were to file a claim in Illinois, she has exceeded the limitation period for doing so. Moreover, the court concludes that no tolling of the limitation period should occur. In the first place, Lyda did not file her claim in New York until after the Illinois limitation period had expired.[4] Second, the fault for filing in the wrong state rests solely with Lyda. Neither the EEOC nor WLS induced Lyda to file her claim in New York. Rather, as Lyda admits, she never intended to file a claim of discrimination in Illinois. *See Citicorp Person-to-Person Financial Corp. v. Brazell*, 658 F.2d 232, 235 (4th Cir.1981). Therefore, the court may render summary judgment against Lyda on the ground that

---

**3.** Specifically, Lyda contends that ABC reduced her account list, transferred some of her larger accounts to other account executives, gave her unfair and inaccurate performance evaluations and assigned her unrealistic performance goals. Complaint at ¶¶ 12, 13, 14 and 15.

**4.** The limitation period in Illinois for actions charging discriminatory practices is 180 days. Ill.Rev.Stat. ch. 68, § 7–102(A) (Supp.1983). As noted above, plaintiff's filing in New York occurred after more than 180 days had elapsed.

she cannot meet the requirements of Title VII for filing her claim in the appropriate state.

*Conclusion*

Since the court concludes that Lyda failed to file her charge of discrimination in a timely and proper fashion, the court grants ABC's motion for summary judgment. This case is dismissed.