**Eugene SEROKA, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**Civ. A. No. 92–0613.**

United States District Court,
S.D. Alabama, S.D.

Aug. 25, 1993.

Melvin W. Brunson, Mobile, for plaintiff.

David J. Middle Brooks, Birmingham, T. Julian Motes, Mobile, for defendant.

### ORDER

HOWARD, Chief Judge.

This matter is before the Court on Defendant American Airlines' motion for summary judgment. [Doc. # 27]. The plaintiff, Eugene Seroka, claims American Airlines, his former employer, violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1985 & Supp.1993).[1] The Defendant has moved for summary judgment based on a waiver and release signed by Plaintiff. For the reasons that follow, Defendant's motion for summary judgment is **GRANTED.**

### FINDINGS OF FACT

Beginning in January of 1987, American Airlines employed Mr. Seroka as its "Manager of Passenger Sales" for the Mobile area.[2] Mr. Seroka's job performance was satisfactory during the time he was employed by American Airlines.[3] On February 1, 1991, Mr. Seroka was informed by Jim Bingham, his regional supervisor, that his position had been deemed "surplus." Mr. Seroka received a letter on March 1, 1991, stating that no other position for which he was qualified had been located; that letter also stated that "[i]f you do not accept the Agreement and General Release, you will not receive severance pay in conjunction with your layoff. You will have until March 22, 1991 to consider this option."

Mr. Seroka signed an "Agreement and General Release" on March 4, 1991. Plaintiff testified at his deposition that he did in fact understand the Agreement and General Release,[4] which contained the following language:

Unless American Airlines and you enter into this Agreement and General Release, you do not have a right to any of the considerations described in this document. However, in consideration for you [sic] agreeing to these terms, and voluntarily terminating your employment relationship with American as described below, American Airlines will provide severance in accordance with Restricted Regulations governing management severance.[5]

The Agreement and General Release waived all claims "of any kind which in any way arise out of [his] employment or the termination of [his] employment at American, including, but not limited to, any and all claims of discrimination of any kind, including age discrimination, against American concerning events occurring at any time up to the date of this

---

1. This Act will be referred to as "the ADEA."

2. J. Pretrial Order at 2.

3. *Id.*

4. Pl. Dep. at 203–210.

5. Pl. Dep., Def. Ex. 25.

agreement."[6] The Agreement specifically refers to claims under the Federal Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964.[7] The Agreement releases claims "against American concerning events occurring at any time *up to the date of the agreement.*"[8] The Agreement gave Mr. Seroka twenty-one (21) days to consider the agreement; advised him to consult an attorney; and allowed him seven (7) days (from the time he signed the agreement) in which to cancel the agreement.[9]

American Airlines' "Management Severance Allowance Policy" provided that lump sum severance payments would be "contingent" upon the employee signing a general release which is acceptable to American Airlines. This policy, which governed the conditions of Mr. Seroka's employment, applied to Mr. Seroka at the time of his termination of employment with American Airlines in 1991.[10]

Mr. Seroka did not cancel the Agreement and General Release and was paid $26,646.70 severance pay.[11]

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[12] "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law."[13]

The basic issue before the Court on a motion for summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.[14] The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.[15] If reasonable minds might differ on the inferences arising from undisputed facts, then the court must deny summary judgment.[16]

Once the movant satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial."[17] Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."[18]

---

6. Def. Ex. 25.

7. Pl. Dep., Def. Ex. 25.

8. Pl. Dep., Def. Ex. 25 (emphasis added).

9. *Id.*

10. J. Pretrial Doc. at 2.

11. Pl. Dep. at 206–207.

12. FED.R.CIV.P. 56(c).

13. *Beck v. Somerset Technologies, Inc.,* 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)); *accord, Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 998 (11th Cir.1992).

14. *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2511–2512.

15. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Tipton,* 965 F.2d at 998–999; *Johns v. Jarrard,* 927 F.2d 551, 555 (11th Cir.1991) (quoting *Apcoa, Inc. v. Fidelity National Bank,* 906 F.2d 610, 611 (11th Cir.1990)).

16. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir.1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985)).

17. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986) (quoting FED. R.CIV.P. 56(e)) (emphasis omitted).

18. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). The shifting burden from movant to nonmovant at summary judgment described above applies regardless of which party will bear the burden of proof at trial. *Id.* at 607.

"A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party".[19] The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole.[20] "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."[21] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[22]

Defendant American Airlines, the movant, asserts it is entitled to summary judgment because Plaintiff signed a valid release of all claims, including age discrimination claims, he may have had arising out of his employment and termination of employment with American Airlines.

The Older Workers Benefit Protection Act[23] governs unsupervised waivers signed after October 16, 1990.[24] The minimum standard for validity of a waiver of a claim under the ADEA is set out 29 U.S.C. § 626(f):[25]

(1) An individual may not waive any right or claim under this chapter unless the waiver is *knowing and voluntary*.... [A] waiver may not be considered knowing and voluntary unless at a minimum—

(A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;

(B) the waiver specifically refers to rights or claims arising under this chapter;

(C) the individual does not waive rights or claims that may arise after the date the waiver is executed;

(D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;

(E) the individual is advised in writing to consult with an attorney prior to executing the agreement;

(F)(i) the individual is given a period of at least 21 days within which to consider the agreement; ...

(G) the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired; ...

(Emphasis added).

The first requirement, that the waiver be written in a manner that can be understood by the average individual, is not disputed. The second requirement, that the waiver specifically refer to rights or claims arising under the ADEA, has also been met. The third

---

**19.** *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990).

**20.** *Tipton,* 965 F.2d at 998 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)).

**21.** *Id.* at 999 (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513 (citing *Adickes,* 398 U.S. at 158–159, 90 S.Ct. at 1608–1609)).

**22.** *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356 (citation omitted).

**23.** Pub.L. No. 101–433, § 201, 104 Stat. 983 (1990) (codified at 29 U.S.C. § 626(f) (Supp. 1993)). This act was codified as part of the ADEA.

**24.** *Gormin v. Brown–Forman, Corp.,* 963 F.2d 323 (11th Cir.1992). This case actually dealt with a waiver signed before October 16, 1990; while the OWBPA did not apply to those particular facts, the Court noted its application to waivers signed after that date. *Id.*

**25.** Plaintiff argues in his Response to Defendant's Motion for Summary Judgment at page 5 that § 626(f) sets out only minimum requirements for "knowing and voluntary" execution of a waiver, and that *Gormin* requires looking at all circumstances surrounding the transaction. *Gormin* does state a number of factors involved in determining whether the execution was knowing and voluntary, but those factors are incorporated into § 626(f) and so do not require separate analysis.

requirement, that rights or claims arising after the waiver is executed not be included in the release, has also been met. An age discrimination claim arises at the time of the alleged discrimination (here, termination of Mr. Seroka's employment).[26]

The fourth requirement of 29 U.S.C. § 626(f) is that the individual waive rights or claims "only in exchange for consideration in addition to anything of value to which the individual already is entitled."[27] Mr. Seroka asserts that an employee of American, Susan Hester, told him he would receive severance pay without conditioning that receipt on Mr. Seroka's signing a release. This assertion is the basis of his argument that he was already entitled to the severance pay, and therefore the Agreement and General Release lacks consideration and is invalid. However, the policy of American Airlines, which was to condition receipt of severance pay on signing the release of claims, applied to Mr. Seroka.[28] Mr. Seroka's *belief* that he was already entitled to the severance pay does not establish lack of consideration in light of the fact that he admits he, in fact, was NOT entitled to severance pay without signing a release.[29]

The fifth requirement, that the individual be advised in writing to consult with an attorney prior to executing the agreement, was also fulfilled.[30] The sixth and seventh requirements, that the individual be given 21 days in which to consider and sign the agreement, and then have 7 days in which to revoke the agreement, were also met.[31] The eighth requirement, pertaining to group or class incentives, is not applicable here. Based on the requirements set out by statute, plaintiff executed the waiver knowingly and voluntarily. The waiver, then, would bar any age discrimination claim the Plaintiff may have, unless Plaintiff can show that a genuine issue of material fact exists. Plaintiff has not pointed out to this Court any specific issue of historical fact; Plaintiff has merely identified disagreements as to legal conclusions. There is no disagreement as to: the terms of the waiver; Plaintiff's understanding of the terms of the waiver; the genuineness of Plaintiff's signature; or Defendant's compliance with its obligation under the waiver (severance payment). The only arguments Plaintiff offers are 1) whether or not this age discrimination claim arose before or after execution of the waiver, and 2) whether the severance pay was valid consideration. These are not issues of historical fact, but legal conclusions; this case, is therefore, appropriately decided on summary judgment.

Accordingly, Defendants' motion for summary judgment on all claims asserted by Plaintiff is **GRANTED**.[32] [Doc. # 27]. Because neither party has moved for summary judgment on Defendant's counterclaims for breach of contract, Count I of Defendant's Counterclaim remains an issue for trial. [Doc. # 16].

---

26. *Pfister v. Allied Corp.*, 539 F.Supp. 224 (S.D.N.Y 1982); *EEOC v. Kimberly–Clark Corp.*, 531 F.Supp. 58 (N.D.Ga.1981).

27. 29 U.S.C. § 626(f)(1)(D) (Supp.1993).

28. J. Pretrial Order, at 1, ¶ 8, 9.

29. Severance benefits are governed by ERISA. *Sejman v. Warner–Lambert Co, Inc.*, 889 F.2d 1346 (4th Cir.1989). Severance pay is contingent and unaccrued, and an employer may uni-

laterally set the policy for such benefits; the employee has no vested rights in severance pay benefits. *Id.*

30. *See* Pl. Dep., Def. Ex. 25.

31. *Id.*

32. *See Gormin*, 963 F.2d at 327; *O'Shea v. Commercial Credit Corp.*, 930 F.2d 358 (4th Cir.1991); *Shaheen v. B.F. Goodrich Co.*, 873 F.2d 105 (6th Cir.1989).