Etrula R. Trotter, J. Michael Billingsley, Memphis, Tenn., for defendant.

**Willie D. MAYS, Jr., Plaintiff,**

v.

**MEMPHIS LIGHT, GAS & WATER DIVISION, Defendant.**

**No. 80–2693.**

United States District Court, W. D. Tennessee, W. D.

June 9, 1981.

## MEMORANDUM OPINION

· WELLFORD, District Judge.

This Memorandum Opinion is being filed as a supplement to the Court's summary judgment Order of June 3, 1981, *nunc pro tunc* May 26, 1981.

Plaintiff filed this Title VII case on December 11, 1980. In the complaint, plaintiff stated that he received his "right-to-sue" letter from the EEOC on September 11, 1980. Defendant then moved for "summary judgment" (which the Court views as being more in the nature of a motion to dismiss), alleging that the Court is without jurisdiction to hear this matter since the complaint was filed more than ninety (90) days after the receipt of the right-to-sue letter. Approximately three weeks later and just three weeks before trial, plaintiff filed a motion to amend the complaint so as to state that plaintiff received his EEOC notice on September 12, 1980, as opposed to

the September 11, 1980 date stated in the original complaint. Although the proposed amendment alleged that plaintiff did not receive his notice until September 12, 1980, it conceded that plaintiff's attorney received notice on September 11, 1980. Defendant originally opposed the motion to amend the complaint, but has since joined in a Consent Order allowing the amendment. The amendment, however, preserves defendant's claim that plaintiff's attorney's receipt of notice on September 11, 1980, makes this action untimely. A hearing on the matter was held on May 26, 1981.

 The amended complaint states that plaintiff's attorney received the EEOC notice on September 11, 1980, ninety-one (91) days prior to the filing of this action. The Court holds that this notice was sufficient to start the 90-day time period running. Although there are several cases holding that notices received by family members of a Title VII plaintiff are insufficient to start the 90-day period running, this is not such a case. Notice in this case was sent to plaintiff's attorney and representative in this matter, the same attorney who handled plaintiff's EEOC litigation. The Ninth Circuit has recognized that such notice is sufficient to start the 90-day period running. *Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298 (9th Cir. 1979).

In *Decker v. Anheuser-Busch*, 632 F.2d 1221 (5th Cir. 1980), the court reversed a district court's denial of a motion to dismiss for lack of jurisdiction, where the suit was filed 88 days after plaintiff received notice, but 91 days after plaintiff's attorney received notice. The appellate court held that notice to an attorney whose representation of a Title VII plaintiff continued from the EEOC proceedings into district court was sufficient to start the 90-day period running. The court also rested its decision upon the fact that the attorney's notice was imputed to the client. Plaintiff has not presented the Court with any authority that deals with this specific situation of an attorney's receipt of notice.

 Plaintiff's last argument is that Fed.R.Civ.P. 6(e) expands the 90-day limitation period by three days. A simple reading of Rule 6(e) quickly reveals that the obvious purpose of the rule is to establish the timing of post-filing motions and responses. Professor Moore has written that Rule 6(e) was never intended to apply to a statute of limitations or jurisdictional provision. 2, *Moore's Federal Practice* ¶ 6.06[2]. Furthermore, while no circuit court has apparently addressed this issue, countless appellate decisions such as *Decker* and *Gonzalez*, supra have implicitly held Rule 6(e) to be irrelevant to the 90-day jurisdictional provision of Title VII since dismissals were affirmed even though the action was filed within 93 days of notice.

Therefore, in light of *Decker* and *Gonzalez*, supra the Court holds that plaintiff's Title VII claim is time-barred and that this Court has no jurisdiction to hear the claim.