Linda CRUCE, Plaintiff-Appellant,

v.

BRAZOSPORT INDEPENDENT SCHOOL DISTRICT, Defendant-Appellee.

No. 82–2035
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 25, 1983.

Thomas O. Brashier, Houston, Tex., for plaintiff-appellant.

Kelly Frels, Timothy T. Cooper, Houston, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

This is an appeal in a Title VII case from the grant of defendant's motion for summary judgment and the denial of plaintiff's motion for leave to file a first amended complaint.

In her complaint plaintiff, a physical education instructor for girls, alleged that defendant, Brazosport Independent School District (BISD), discriminated against her on the basis of sex by hiring a male Coordinator of Women's Athletics. Although BISD had offered the coordinator's position to plaintiff in May 1979, BISD withdrew its offer on June 14, 1979. Plaintiff sought redress through the grievance procedures of the Texas State Teachers Association (TSTA). At plaintiff's request, a hearing was held before the Board of Trustees on August 28, 1979, at which plaintiff was represented by a representative of TSTA. Plaintiff contends that recourse to the TSTA was the only grievance procedure of which she had knowledge, as BISD had not

posted notices of Equal Employment Opportunity Commission (EEOC) procedures as required by 42 U.S.C. § 2000e–10.

Plaintiff brought this suit on July 14, 1980, thirteen months after the alleged act of unlawful discrimination occurred. Plaintiff did not file a charge of sex *discrimination* with the EEOC prior to the institution of this suit.[1] Plaintiff alleges, however, that in May 1980, she attempted to file this charge but the Houston office of the EEOC refused to allow her to file it.[2]

Plaintiff sought leave to amend her complaint in order to add two claims of unlawful *retaliation*. These involve allegations that: (1) BISD denied plaintiff two physical education teaching positions in the summer of 1980 and lowered her salary in August 1980, and (2) BISD attempted to deny plaintiff renewal of her teacher/coach contract for the academic year 1982–83.[3] Plaintiff filed the first charge of retaliation with the EEOC in November 1980 and the second in March 1981. Both of these charges were filed after institution of this suit (based only on sex discrimination) on July 14, 1980. In May 1981, plaintiff received her notices of right to sue based on her charges of retaliation.

Plaintiff wholly failed to file a charge of sex discrimination with the EEOC prior to filing the instant suit. 42 U.S.C. § 2000e–5(e) requires charges to be filed within 180 days of the alleged unlawful employment practice. Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit; the 180-day filing requirement is in the nature of a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Zipes v. TWA, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir.1981) (*en banc*). This Circuit, however, has held that the 180-day provi-

1. Indeed, plaintiff has never filed this charge of sex discrimination with the EEOC.

2. Plaintiff surmises that this refusal was based on the fact that more than 180 days had elapsed since defendant's decision not to promote her to the coordinator's position.

3. Plaintiff was not in fact terminated but alleges that she underwent six to seven months of mental anguish.

sion is a precondition to filing suit in district court. *Coke,* 640 F.2d at 595. Because plaintiff failed to satisfy the condition, the grant of summary judgment to BISD was appropriate.[4]

■ Even assuming *arguendo* that this Court might, due to the particular circumstances (plaintiff claims she was not allowed to file the charge with the EEOC), waive the filing of the charge as a prerequisite to suit, plaintiff nevertheless did not even attempt to file a charge until almost one year after the date of the claimed discrimination. Since plaintiff failed to comply with the 180-day filing requirement, the relevant consideration would be whether, under the circumstances, equity requires that the 180-day requirement be waived or tolled. There is no suggestion in the case at bar that any of the factors exist which give rise to an equitable tolling, waiver, or estoppel. *See Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 447–48 & n. 10, 50 L.Ed.2d 427 (1976) (impliedly allowing tolling in a situation in which a party has "been prevented from asserting" his or her rights); *Coke,* 640 F.2d at 595–96 (citing the equitable maxim "No man may take advantage of his own wrong" and finding that evidence of knowing misrepresentation on the part of defendant and of reasonable reliance on the misrepresentation by plaintiff would support a factual issue of equitable tolling); *Oaxaca v. Roscoe,* 641 F.2d 386, 390–91 (5th Cir.1981) (*citing* the *Reeb* holding and cases applying *Reeb*); *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir.1975) (allowing tolling of the 180-day filing period "until the facts which would support a

cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"). In the case at bar, plaintiff's equitable tolling argument is entirely dependent on BISD's failure to post any notice of EEOC procedures and on plaintiff's ignorance of her rights under Title VII. These facts as presented here are insufficient to support an equitable tolling. Plaintiff makes no allegation that BISD misled her concerning her Title VII rights or misrepresented any of the facts which would support her cause of action. Indeed, despite BISD's alleged failure to post the EEOC notices, the facts here strongly suggest that plaintiff had ample opportunity to learn of the existence of the EEOC and its procedures. The record demonstrates that plaintiff was represented by a TSTA representative at the August 1979 hearing and therefore had access to a means of discovering basic information about Title VII. There is no genuine issue of fact as to equitable waiver or tolling in this case.[5]

■ Given that plaintiff failed to satisfy the precondition to the instant suit based on sex discrimination, it is impermissible for plaintiff to amend her complaint to add the claims of unlawful retaliation.[6]

The grant of summary judgment for BISD and the denial of leave to amend plaintiff's complaint are both affirmed.

AFFIRMED.

---

4. This Court need not consider the authority allowing a plaintiff to defeat a time bar to a Title VII suit by asserting subsequent identifiable acts of discrimination related to an incident which, if isolated, would be time barred because plaintiff here did not file *any* EEOC charge prior to the institution of suit. *See, e.g., Belt v. Johnson Motor Lines, Inc.* and cases cited therein, 458 F.2d 443, 445 (5th Cir.1972).

5. In *McKee v. McDonnell Douglas Technical Services Co.,* 700 F.2d 260 (5th Cir.1983), where this Court reversed a grant of summary judgment for defendant on the Title VII claim, there was a material factual issue as to wheth-

er plaintiff's attempt to file a charge with the EEOC was timely. In the instant case it was undisputed that plaintiff's attempted filing of the sex discrimination charge was untimely— plaintiff did not visit the EEOC until almost a year after the date of the alleged discrimination.

6. The Court notes that even if plaintiff had based her initial complaint on unlawful retaliation, she still would have failed to meet the precondition to suit, as she brought suit in district court before filing her charges of retaliation with the EEOC.