**PRUET PRODUCTION COMPANY and Pruet Oil Company, Plaintiffs,**

v.

**Roy G. AYLES, Defendant.**

Civ. A. No. J82–0203(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 29, 1983.

Armin J. Moeller, Jr., Jolly, Miller & Milam, Jackson, Miss., for plaintiffs.

John L. Maxey, II, Cupit & Maxey, Jackson, Miss., for defendant.

ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

The Plaintiffs in this action seek a declaratory judgment of the Defendant's rights under the Age Discrimination in Employment Act (ADEA). The Plaintiffs ("Pruet") sought summary judgment and an evidentiary hearing was held where testimony was taken on the record. Pruet argues that the Defendant ("Ayles") did not file a complaint with the Equal Employment Opportunity Commission (EEOC) within the 180 days as required by the ADEA. 29 U.S.C.A. § 626(d)(1). Ayles admits that the filing was not within the limitation period, but he asserts that circumstances exist which support a finding of equitable tolling of the 180 day limitation period.

This Court denied the Plaintiff's motion for summary judgment finding that an issue which was genuine as to a material fact remains to be decided on the question of equitable tolling. The Plaintiffs now request that this Court either reconsider its decision or certify this issue for appeal under 28 U.S.C.A. § 1292(b) which allows interlocutory appeals in certain cases.

This Court declines to reconsider its prior opinion in this case. The previous finding of a material fact which was in dispute was based on the testimony which the Court heard and the determination that Ayles may have been misled or otherwise given reason to believe that his dismissal was not due to discrimination because of his age. Pruet made representations to Ayles which may be taken by the trier of fact to constitute grounds for equitable tolling of the limitation period.

The Plaintiffs would have this Court decide the factual issue of tolling under the equity power of the court. *See State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 692–94 (10th Cir.1981) (origin of tolling doctrine dictates that judge should have discretion to decide issue). This Court declines to do so in this case. However, other factual situations

may lend themselves to such determination. The ADEA preserves to the litigant a trial by jury. 29 U.S.C.A. § 626(c)(2). The Defendant has requested a jury trial and this Court holds that the determination of whether sufficient grounds exist for equitable tolling should be decided by the jury at trial. The United States Court of Appeals for the Fifth Circuit has just recently addressed the standard to be applied in sex discrimination suits where an issue of equitable tolling is present, *Cruce v. Brazosport Independent School District,* 703 F.2d 862, 864 (5th Cir.1983), and this standard is relevant to ADEA cases. The court in *Cruce* cites *Reeb v. Economic Opportunity of Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir.1975) for the proposition that "the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* By denying the Plaintiffs' motion for summary judgment this Court holds that from the testimony it has heard and the other material it has examined in regard to this case that the Defendant may be capable of proving a case of equitable tolling in this case sufficient to present a jury question.

In reaching this decision this Court is mindful of the decision in *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir.1981) in which it was held that the 180 day filing requirement in ADEA cases was not "jurisdictional" and therefore is subject to equitable tolling. *Id.* at 587–96. The Supreme Court has only recently affirmed this view. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1132–35, 71 L.Ed.2d 234 (1982). In light of these decisions this court overrules the Plaintiffs' Motion to dismiss under Rules 12(b)(1), 12(b)(6) and for summary judgment under Rule 56.

As to the motion of the Plaintiffs to have this Court certify an interlocutory appeal of this ruling under 28 U.S.C.A. § 1292(b) this Court finds that the issue decided here is controlling and subject to substantial differences of opinion. An immediate appeal from this order may materially advance the ultimate termination of this litigation. *See Katz v. Carte Blanche Corp.,* 496 F.2d 747, 753–56 (3rd Cir.) (en banc), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974).

IT IS, THEREFORE ORDERED that the Plaintiffs' motions for dismissal and summary judgment are denied and that the Motion to certify this order for appeal is granted.