Charles F. CHAPMAN, Plaintiff,

v.

HOMCO, INC., Defendant.

Civ. A. No. 3–88–0113–H.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 13, 1988.

Frank P. Hernandez, Dallas, Tex., for plaintiff.

Robert E. Luxen, Ann M. O'Regan, Gardere & Wynne, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Defendant's Motion for Summary Judgment, filed September 30, 1988; Plaintiff's Response, filed October 20, 1988; and Defendant's Reply, filed October 26, 1988.

This age discrimination action arises from Plaintiff's discharge from employment on January 11, 1986. In his Complaint filed January 13, 1988, Plaintiff alleges jurisdiction pursuant to 28 U.S.C. §§ 1343(a)(4), 2201, 2202, and 42 U.S.C. § 2000e *et seq.* Such jurisdiction is pled "to secure protection of and to redress deprivation of rights secured by the Age Discrimination in Employment Act of 1967 ["ADEA"] ..." Plaintiff's Complaint at 3; *see* 29 U.S.C. § 621 *et seq.* In his prayer for relief, Plaintiff refers only to the ADEA.[1]

Plaintiff was hired by Defendant in November of 1973. At the time, Plaintiff was 43 years old. In August of 1981, Plaintiff was promoted to the position of supervisor and reported to Ron Kinney, Vice President of Operations. When Plaintiff was promoted, Kinney expressed concern about Plaintiff's ability to handle the position.[2] Defendant's Brief at 1–2.

Kinney was not satisfied with Plaintiff's efforts as a supervisor. A number of employees complained to Kinney that the

---

1. Plaintiff also notes that he "received correspondence from the Equal Employment Opportunity Commission ["EEOC"] advising him that he could file suit under the ADEA." Plaintiff's Complaint at 2. Plaintiff does not provide the Court with a copy of this correspondence nor does Plaintiff plead that the EEOC granted Plaintiff the right to bring a Title VII cause of action.

2. Plaintiff specifically recalls Kinney warning him that he (Plaintiff) would have to be much tougher as a supervisor than he had been as a group leader. Chapman Dep. at 33.

Plaintiff displayed favoritism and discriminated against employees on the basis of race. Kinney Aff. at 1–3. After several incidents in which Plaintiff allegedly behaved unprofessionally[3], Kinney discharged Plaintiff. Defendant's Brief at 6.

Defendant moves for summary judgment, claiming that: 1) Plaintiff's suit is barred under the ADEA's statute of limitations; 2) Plaintiff has failed to establish a prima facie case of age discrimination; and 3) that Defendant had legitimate non-discriminatory reasons for discharging Plaintiff.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56. A movant for summary judgment need not support his motion with evidence negating his opponent's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Summary judgment may be entered against a party if after adequate time for discovery the party fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex,* 477 U.S. at 324–26, 106 S.Ct. at 2553–54.

### 1. The Substantive Case

Defendant argues that even if Plaintiff were successful in establishing a prima facie case of age discrimination, Defendant could defeat such a case. In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Court formulated a three part evidentiary procedure for discrimination cases. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981) (applying *McDonnell Douglas* test in age discrimination case). First, the plaintiff must establish a prima facie case. *Burdine,* 450 U.S. at 252–3, 101 S.Ct. at 1093. Once the prima facie case is established, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. Finally, the plaintiff must prove with substantial evidence that the non-discriminatory or non-retaliatory reasons offered by the defendant are not the true reasons for his actions, but merely a pretext. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093; *Reeves v. General Foods Corp.,* 682 F.2d 515, 521 (5th Cir.1982).

Defendant has described the factors that contributed to Kinney's unfavorable evaluation of Plaintiff's performance.[4] When an employer articulates legitimate, non-discriminatory reasons for a termination decision, the presumption of discrimination engendered by the prima facie case is dispelled. *Bohrer v. Hanes Corp.,* 715 F.2d 213, 218 (5th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984).

At this point, Plaintiff's burden of showing pretext merges with his burden of establishing that "but for" his age he would not have been discharged. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095. Plaintiff argues that a number of employees have testified that Plaintiff displayed no favoritism nor did he discriminate against others. Plaintiff's Response at 5 (citing Hubbard Dep. at 27–28, Samuels Dep. at 32–34, Villarreal Dep. at 32–34). Additionally, Plaintiff states that he was replaced at Homco by a younger man. *See* Kinney Aff. at 6.

---

**3.** This behavior included Plaintiff engaging in water pistol fights with certain of his employees, throwing confetti-filled eggs in the work area, and wearing a brassiere over his clothes through the plant on one occasion. Defendant's Brief at 19.

**4.** Defendant also describes one incident of insubordination that stemmed from Plaintiff's romantic involvement with one of Defendant's employees. Defendant's Brief at 4–6, 21.

While the Court has summarized Defendant's reasons for discharging Plaintiff, the Court ac-

knowledges that it is not the Court's role to question whether the decision to discharge Plaintiff reflected an accurate or wise assessment of his abilities. *Blackwell v. Sun Electric Corp.,* 696 F.2d 1176, 1182 n. 7 (6th Cir.1983); *see also Bienkowski v. American Airlines,* 851 F.2d 1503, 1507–08 (5th Cir.1988) ("The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers.").

It is this Court's determination that arguments made in Plaintiff's Response do not satisfy the final *McDonnell* requirement. As the Supreme Court noted in *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986), "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Plaintiff has not provided evidence to establish that "but for" his age, Plaintiff would not have been discharged.

Despite Plaintiff's failure to carry his burden, Defendant provides the Court with additional information to further bolster its motion. Defendant explains that eight of eleven management employees at Homco on the date that Plaintiff was discharged were over 40 years of age. Kinney Aff. at 6. Seven of the nine management employees currently at Homco are over 40 years of age. Two of these are in their fifties and one is in his sixties.

Since 1980, the year that Homco was purchased by its current owners, Homco has terminated seven employees other than Plaintiff. All of these were hourly, non-supervisory staff and only one was over the age of 40 years of age when discharged. Finally, the individual who ultimately replaced Plaintiff was over 40 years of age when he was hired. Kinney Aff. at 6-7.

In light of the above facts, the Court finds that Plaintiff has not established the necessary elements of a case of age discrimination. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

## 2. ADEA Statute of Limitations

Even if Defendant had not been successful with its Motion on the merits, the Court would alternatively grant summary judgment because Plaintiff's claims are time-barred. In his response to Defendant's statute of limitations argument, Plaintiff states, "However, this case in-

volved Title VII and sec. 1981 [42 U.S.C. § 1981] claims, *not claims of age discrimination under the ADEA.*" Plaintiff's Response at 3 (emphasis added). This statement directly contradicts Plaintiff's Complaint, wherein Plaintiff alleges that the EEOC gave Plaintiff permission to file suit under the ADEA. Plaintiff's Complaint at 2.

In 29 U.S.C. § 626(e)(1) the ADEA adopts the statute of limitations set forth in the Portal-to-Portal Pay Act, 29 U.S.C. § 255. Section 255 provides that an action "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

A cause of action accrues under the ADEA on the date the allegedly unlawful discriminatory act occurs. *EEOC v. Kimberly-Clark Corp.*, 531 F.Supp. 58, 61 (N.D.Ga.1981) (citing *Chardon v. Fernandez*, 454 U.S. 6, 7-8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks*, 449 U.S. 250, 257-59, 101 S.Ct. 498, 503-04, 66 L.Ed.2d 431 (1980). In a case alleging an unlawful discharge, the statute of limitations commences when the employee is notified that his employment is to be terminated.[5] *Kimberly-Clark*, 531 F.Supp. at 61; *see Ricks*, 449 U.S. at 259, 101 S.Ct. at 504.

The Plaintiff was discharged on January 11, 1986. He did not file suit until January 13, 1988. Thus, the two year statute of limitations period expired before Plaintiff filed his Complaint. Plaintiff did not allege a willful violation of the ADEA in his Complaint so the three year period does not apply. Accordingly, Plaintiff's ADEA claims are DISMISSED as they are time-barred.

## 3. Potential Title VII, Section 1981 Claims

Certainly Plaintiff is free to seek relief under both Title VII and 42 U.S.C.

---

5. Plaintiff contends that the statute of limitations does not begin to run until "the employee knows or should know that an unlawful employment practice has been committed." *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 593 (9th Cir.1981); *but see O'Connell v. Champion Intern. Corp.*, 812 F.2d 393, 394 (8th Cir.1987) (claims accrued at time employees received notice of termination).

§ 1981, although neither addresses the issue of age discrimination as does the ADEA. *Johnson v. Railway Express Agency,* 421 U.S. 454, 459, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295 (1975).[6] The Fifth Circuit has determined, however, that a court may focus on the Title VII claim alone when identical facts support the § 1981 claim. The Court stated that:

"specific consideration of these alternate remedies [including a § 1981 claim] for employment discrimination is necessary only if their violation can be made out on grounds different from those available under Title VII. *See Watson v. Ft. Worth Bank & Trust,* 798 F.2d 791, 794 n. 4, (5th Cir.1986)[7]; *Rivera v. City of Wichita Falls,* 665 F.2d 531, 534 n. 4 (5th Cir.1982); *Whiting v. Jackson State University,* 616 F.2d 116 (5th Cir.1980). Because Parker has not asserted any such distinction here, we give specific consideration only to her Title VII claim."

*Parker v. Mississippi State Dept. of Public Welfare,* 811 F.2d 925, 927 n. 3 (5th Cir.1987).

The Court notes that there are two procedural prerequisites to the prosecution of a Title VII claim. First, a charge must be filed with the EEOC within 180 days of the alleged unlawful employment practice, or within 300 days if the proceedings are initially instituted with a state or local agency. 42 U.S.C. § 2000e–5(e); *see EEOC v. Commercial Office Products Co.,* — U.S. ——, 108 S.Ct. 1666, 1667, 100 L.Ed.2d 96 (1988). The Supreme Court has concluded that this filing period is not a jurisdictional requirement, "but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Cruce v. Brazosport Independent School District,* 703 F.2d 862, 863 (5th Cir.1983).

Second, the civil action must be brought within 90 days after receipt of the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). Language in the *Zipes* opinion indicates that its holding applies to this second prerequisite as well. *See Zipes, supra,* 455 U.S. at 398, 102 S.Ct. at 1135; *Gonzalez–Allen Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir. 1983). *See also Mohasco Corp. v. Silver,* 447 U.S. 807, 811, 100 S.Ct. 2486, 2489, 65 L.Ed.2d 532 (1980); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 593 n. 15 (5th Cir.1981).

Given the above facts and Title VII filing deadlines, any Title VII claim that the Plaintiff might bring is also time-barred. Additionally, Plaintiff has asserted no reason why the filing requirements and the limitations period are waived or tolled.[8] Accordingly, Plaintiff's Title VII and § 1981 claims are DISMISSED.

In sum, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's ADEA, Title VII, and § 1981 claims are DISMISSED.

SO ORDERED.

---

6. Quoting Congress, the Court noted "that the remedies available to the individual under Title VII are co-extensive with the indiv[i]dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and that the two procedures augment each other and are not mutually exclusive." 421 U.S. at 459, 95 S.Ct. at 1719.

7. *Vacated and remanded* (on other grounds), — U.S. ——, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988).

8. Even if Plaintiff could assert a separate claim under § 1981, it too would be untimely and barred by the applicable statute of limitations. A lawsuit under § 1981 must be brought within two years of the complained event. *Price v. Digital Equipment Corp.,* 846 F.2d 1026, 1028 (5th Cir.1988) (per curiam). As discussed previously, Plaintiff did not file this suit until more than two years after his discharge.