Paul **GRIFFIN**, Plaintiff,

v.

**PRINCE WILLIAM HOSPITAL CORPORATION**, Defendant.

Civ. A. No. 89–0553–A.

United States District Court, E.D. Virginia, Alexandria Division.

July 20, 1989.

E.E. Sanders, Jr., Woodbridge, Va., for plaintiff.

Alan D. Keiler, Ammerman & Keiler, Washington, D.C., for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

This is a race discrimination action. Plaintiff claims he was discharged from his job by reason of his race in violation of Title VII, 42 U.S.C. § 2000e–5(f)(1) and 42 U.S.C. § 1981. The matter is before the Court on defendant's motion to dismiss both claims. Defendant contends the Title VII claim is untimely because plaintiff failed to bring suit within 90 days of receiving a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC") as required by 42 U.S.C. § 2000e–5(f)(1).[1] Defendant advances two arguments for dismissal of the Section 1981 claim. First, he argues that dismissal of the Section 1981 claim is automatically

required by the dismissal of the Title VII claim. Second, defendant asserts the claim is barred by the applicable statute of limitations.

For the reasons stated here, the Court concludes that dismissal is warranted only as to the Title VII claim. The Section 1981 claim survives. First, it is timely because it is subject to Virginia's two year personal injury statute of limitations and suit was brought within this period. Second, a Title VII dismissal based on failure to meet that statute's 90 day deadline does not automatically require dismissal of a congruent Section 1981 claim.

I

The undisputed material facts are simply stated. Plaintiff, a black male, was employed by defendant hospital as a "Senior Addiction Counsellor." In July 1987, he was discharged, allegedly for a "negative attitude," and replaced by a white female. Thereafter, plaintiff retained counsel and sought a right-to-sue letter from the EEOC. The address he gave the EEOC was Post Office Box 1882, Manassas, Virginia 22110. Plaintiff's address never changed, nor did plaintiff ever give the EEOC a different address. Prior to the issuance of the right-to-sue letter, plaintiff's counsel wrote the EEOC to request the right-to-sue letter, as well as copies of any responses filed by defendant. Approximately three months later, on December 19, 1988, EEOC mailed a right-to-sue letter to plaintiff and sent a copy to plaintiff's counsel. The letter to plaintiff was sent certified mail to plaintiff's address of record, the post office box in Manassas. Plaintiff, it appears, never picked up the letter. After two notices, it was returned to the EEOC as unclaimed. The letter to plaintiff's counsel was apparently misdirected to a lawyer in the same town, Woodbridge, Virginia, with a similar last name, "Saunders" instead of "Sanders." On an unspecified date several days prior to Janu-

---

**1.** Under this section, the EEOC is required to issue a notice to claimant allowing him to bring suit, *i.e.,* a "right-to-sue" letter, with respect to a filed discrimination charge, if the EEOC dismisses the charge or if, within 180 days of the filing of the charge or any period of reference, whichever is later, the EEOC has not filed a civil action against the private employer or entered into a conciliation agreement to which the claimant is a party.

ary 12, 1989, plaintiff's counsel received a telephone message that a right-to-sue letter had been mailed by the EEOC. Even so, he did not take steps to retrieve the right-to-sue letter from the other attorney's office until January 12. This action was filed April 10, 1989.

## II

■ Although not jurisdictional,[2] the 90 day limitations period bars untimely actions absent equitable tolling or exceptional circumstances. No such tolling or exceptional circumstances are claimed or present here. Therefore, the instant action, filed on April 10, 1989, is untimely unless it appears that plaintiff received the right-to-sue letter on or after January 11, 1989. The contrary conclusively appears. The uncontroverted record reflects that on December 19, 1988 the EEOC mailed the right-to-sue letter to plaintiff at plaintiff's address of record. This was sufficient to trigger commencement of the 90 day period. That plaintiff apparently did not check the mailbox over at least a two week period or that he may have changed his address is immaterial. It is plaintiff's responsibility

to furnish the EEOC with his current address and with notice of any prolonged absence.[3] And sensibly settled authority confirms that the EEOC is entitled to rely on the address plaintiff furnished and to start the running of the 90 day period by sending the right-to-sue letter to that address.[4] Indeed, several circuits have held that the 90 day period runs from the day the notice is received by someone at the claimant's residence, such as a spouse or a high school age child, even if the worker does not actually see the notice until days or weeks later.[5]

Nor is it appropriate to focus, as plaintiff does, on the misdirected letter to plaintiff's counsel. Rather, the proper focus here is on the notice sent to plaintiff, for courts have sensibly concluded that the 90 day period begins to run on the date the EEOC's notice is delivered either to the claimant or to the attorney, whichever is earlier.[6] In the case at bar, it is unclear when the attorney first received notice, but undisputed record facts reflect that more than 90 days elapsed between plaintiff's presumed date of receipt (three days after mailing)[7] and the institution of this action.

2. See *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (Title VII filing requirements are not jurisdictional prerequisites); *Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992 (11th Cir.1982) (same); *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091 (4th Cir.1982) (same); *St. Louis v. Alverno College,* 744 F.2d 1314 (1984) (same).

3. 29 C.F.R. § 1601.7(b) provides as follows:

(b) The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge.

4. See *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472 (6th Cir.1986) (failure to notify EEOC of change of address does not toll the 90 day period of limitations); *St. Louis v. Alverno College,* 744 F.2d 1314 (1984) (same); *Lewis v. Conners Steel Co.,* 673 F.2d 1240 (11th Cir.1982) (per curiam) (same).

5. See e.g. *Harvey v. New Bern Police Dept.,* (1987, CA4 NC) 813 F.2d 652 (4th Cir.1987); *Law v. Hercules, Inc.,* 713 F.2d 691 (11th Cir.1983); *Bell v. Eagle Motor Lines, Inc.,* 693 F.2d 1086) (11th

Cir.1982); *Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247 (5th Cir.1985).

6. See e.g., *Gonzalez v. Stanford Applied Eng'r, Inc.,* 597 F.2d 1298 (9th Cir.1979) (per curiam); *Harper v. Burgess,* 701 F.2d 29 (4th Cir.1983) (per curiam); *Jones v. Madison Serv. Corp.,* 744 F.2d 1309 (7th Cir.1984) (per curiam); *Noe v. Ward,* 754 F.2d 890 (10th Cir.1985); *Josiah–Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344 (D.C.Cir.1986) (per curiam); *Ringgold v. National Maintenance Corp.,* 796 F.2d 769 (5th Cir.1986) (per curiam); *Mays v. Memphis Light, Gas & Water Div.,* 517 F.Supp. 232 (W.D. Tenn.1981).

7. Where the parties dispute the date on which claimant received the right-to-sue letter, Rule 6(e), Fed.R.Civ.P., creates a presumption that it was received three days after it was mailed. See *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1724 n. 1, 80 L.Ed.2d 196 (1984); *Mosel v. Hills Dep't Store, Inc.,* 789 F.2d 251, 253 n. 2 (3d Cir.1986) (per curiam). Note, however, that Rule 6(e) does not operate to extend the limitations period to 93 days from the date of receipt or presumed receipt simply because the EEOC notice is mailed. See *Norris v. Florida Dep't of Health & Rehabilitative Serv.,* 730 F.2d 682 (11th Cir.

It follows, therefore, that plaintiff's Title VII is barred as untimely.

### III

■ It is true that in some circumstances, including those at bar, the proof of a substantive violation under Title VII is essentially identical to the proof of a substantive violation under Section 1981. Virtually the same facts must be shown to establish claims under both provisions. Where this congruency exists, it is entirely appropriate to conclude that dismissal of an alleged Title VII violation on substantive grounds warrants dismissal of the corresponding Section 1981 claim.[8] This is so for "it seems clear that [Section 1981] affords no greater substantive protection than Title VII." *New York Transit Auth. v. Beazer*, 440 U.S. 568, 583–84 n. 24, 99 S.Ct. 1355, 1364–65 n. 24, 59 L.Ed.2d 587 (1984). Thus, a fatal substantive defect in a Title VII cause of action necessarily means that the same defect exists in the congruent companion Section 1981 claim. But the same conclusion is not warranted where, as here, the fatal Title VII defect is a procedural one that has no application to Section 1981. While substantive congruency exists, procedural congruency does not. There is no right-to-sue notice requirement or 90 day limitations period in Section 1981. Instead, Section 1981 has its own limitations period. Given this, no sensible policy or principle supports the dismissal of a Section 1981 claim simply because the related Title VII claim is untimely. To hold otherwise would import into Section 1981, without Congressional warrant, an administrative limitations period wholly foreign to that Section. It would also run counter to the Supreme Court's teaching that "the

remedies available under Title VII and Section 1981, although related, and directed to most of the same ends, are separate, distinct and independent." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

Defendant cites no persuasive authority to the contrary. With one exception, defendant's authorities involve dismissal of Section 1981 claims based on dismissal of the related Title VII claim on *substantive* grounds. These decisions are therefore inapposite. The sole exception is *Chapman v. Homco, Inc.*, 708 F.Supp. 787 (N.D.Tex. 1988). There, the court apparently dismissed a Section 1981 claim on the ground that the related Title VII claim was procedurally defective. Significantly, the decision includes no rationale for this result. Moreover, although not relied on by the *Chapman* court, it appears that the untimeliness of the Section 1981 claim under its own statute of limitations provided an independent and plainly valid dismissal ground. In sum, *Chapman* is unconvincing on this point. There is no sound reason or persuasive authority to support the proposition that dismissal of a Title VII claim for failure to meet the 90 day limitations period compels dismissal of a related Section 1981 claim.

### IV

■ Plaintiff's action was filed more than one year, but less than two years after the injury. Seizing on this fact, defendant attacks the Section 1981 claim as being barred by Virginia's one year statute of limitations for "personal actions." Va. Code § 8.01–248. Plaintiff counters that

1984) (per curiam); *Mays v. Memphis Light, Gas & Water Div.*, 517 F.Supp. 232 (W.D.Tenn.1981). *But see Tavernaris v. Beaver Area School Dist.*, 454 F.Supp. 355 (W.D.Pa.1978).

8. For cases holding that the substantive requirements of Title VII and Section 1981 are identical, *see Lewis v. University of Pittsburgh*, 725 F.2d 910, 915 n. 5 (3d Cir.1983); *Setser v. Novack Investment Co.*, 657 F.2d 962, 967 (8th Cir.1981); *Parr v. Woodmen of the World Life Ins. Co.*, 791 F.2d 888, 892 (11th Cir.1986); *Walters v. City of Atlanta*, 803 F.2d 1135, 1143 (11th

Cir.1986); *Parker v. Mississippi State Dept. of Public Welfare*, 811 F.2d 925, 927 n. 3 (5th Cir.1987); *Watson v. Fort Worth Bank & Trust*, 798 F.2d 791, 794 n. 4 (5th Cir.1986), *vacated and remanded on other grounds*, —— U.S. ——, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988); *Rivera v. City of Wichita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir.1982); *Whiting v. Jackson State University*, 616 F.2d 116, 121 (5th Cir.1980); *see also Huebschen v. Dept. of Health and Social Services*, 716 F.2d 1167 (7th Cir.1983); *Poolaw v. City of Anadarko*, 660 F.2d 459, 462 (10th Cir.1981).

the proper statute of limitations is that pertaining to "personal injuries," which is two years. Va.Code § 8.01–243(a). Resolution of this issue, therefore, requires determining which is the appropriate state statute of limitations to apply to a Section 1981 claim.

The Virginia "personal action"[9] and "personal injuries"[10] statutes of limitations were enacted in 1978. The predecessor statute also distinguished between "personal action" and "action for personal injuries" as follows:

[e]very action for personal injuries shall be brought within two years next after the right being the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

Va.Code § 8–24 (repealed). Prior to the 1978 Virginia Code revision, the Fourth Circuit had ruled that Virginia's two year "personal injury" limitations period applied to Section 1981 claims. *McCrary v. Runyon,* 515 F.2d 1082, 1096 (4th Cir.1975), *aff'd,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Patterson v. American Tobacco Co.,* 535 F.2d 257, 275 (4th Cir.1976). It appears, therefore, that Virginia distinguished between personal actions and personal injuries statutes of limitations both before and after the 1978 revision. Given this, therefore, there is no reason to conclude that the revision would change the *McCrary* result.

Post revision authorities, though not quite so clear, still point persuasively toward the use the Virginia "personal injury" two year statute in connection with Section 1981 claims. At least two lower courts reached this conclusion, though neither apparently considered the issue worthy of extensive analysis.[11] The Fourth Circuit, while not yet presented with the issue in the Virginia context, has reached essentially the same result in the West Virginia context. In *McCausland v. Mason Co. Bd. of Ed.,* 649 F.2d 278 (4th Cir.1981) the court concluded that the proper limitations period applicable to Civil Rights Acts' claims, including Section 1981, is that for personal injuries. In the Court's words:

the Reconstruction Civil Rights Acts create causes of action "where there has been injury under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person." *Almond v. Kent,* 459 F.2d 200, 204 (4th Cir.1972); *accord, Allen v. Gifford,* 462 F.2d 615 (4th Cir.), *cert. denied,* 409 U.S. 876 [93 S.Ct. 128, 34 L.Ed.2d 130] (1972); *McCrary v. Runyon,* 515 F.2d 1082, 1097 (4th Cir.1975), *aff'd,* 427 U.S. 160, 180–82 [96 S.Ct. 2586, 2599–2600, 49 L.Ed.2d 415] (1976). As a consequence *it is to the state statute of limitations for personal injuries to which we usually look* in determining whether claims are time-barred.

*Id.* at 279 (emphasis added). *McCausland* thus demonstrates that this Court must look to the "personal injury" limitations period. As this limitations period is two years, Va.Code § 8.01–243(A), plaintiff's suit is timely.

An appropriate order has issued.

---

9. Va.Code § 8.01–248 provides as follows: **Personal actions for which no other limitation is specified.**—Every personal action, for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued.

10. Va.Code § 8.01–243(A) provides as follows: **Personal action for injury to person or property generally.**—A. Unless otherwise provided by statute, every action for personal injuries, whatever the theory of recovery, except as provided in B hereof, shall be brought within two years next after the cause of action shall have accrued.

11. *See White v. City of Suffolk,* 460 F.Supp. 516, 520 (E.D.Va.1978); *Bradley v. Carydale Enterprises,* 707 F.Supp. 217, 220 n. 8 (E.D.Va.1989).