914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joe CLARK, Plaintiff-Appellant,
v.
WESTERN UNION TELEGRAPH COMPANY, Defendant-Appellee.
 No. 89-1048.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1990.*
Decided Sept. 12, 1990.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joe Clark brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., against his former employer, Western Union Telegraph Company, after he was demoted from his position as sales representative in 1978. Clark initially filed a charge of racial discrimination with what is now the Illinois Human Rights Commission (HRC). He cross-filed the same charge with the Equal Employment Opportunity Commission (EEOC); the EEOC deferred acting on his charge until the HRC issued its final disposition. In 1983 the HRC affirmed the findings and recommendations of an administrative law judge that Western Union discriminated against Clark on the basis of his race by demoting him, and that Clark be reinstated and awarded back pay and benefits. Dissatisfied with the HRC's back pay formula, Clark sought administrative review in the circuit court. In 1984 the circuit court affirmed the HRC's decision as to back pay, and Clark appealed to the appellate court. In 1986 the appellate court reversed, holding that the HRC abused its discretion in calculating the back pay award, and remanded the case to the HRC for reconsideration.
 
 
 2
 During the pendency of Clark's case before the HRC, the EEOC, on November 30, 1987, determined that it had no jurisdiction over Clark's discrimination charge pursuant to the Supreme Court's decision in Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982). The EEOC accordingly sent Clark by certified mail a notice of his right-to-sue which stated that Clark had ninety days from the date of receipt of the notice to seek judicial review of the EEOC's determination. On December 14, 1987, the right-to-sue letter was delivered to the post office box designated by Clark as his mailing address. Clark shared the box with a woman named Rosie Inwang whom he authorized to accept his mail. On December 29, 1987, the letter was returned to the EEOC after it had remained "unclaimed" for two weeks.
 
 
 3
 On October 11, 1988, Clark and his attorney visited the Chicago office of the EEOC to inquire about the status of Clark's case. They were informed that the right-to-sue letter had been issued and returned "unclaimed" to the EEOC. A copy of the original right-to-sue letter was given to Clark. Thirteen days later, on October 24, 1988, Clark filed the instant action.[1] On December 8, 1988, the district judge sua sponte dismissed Clark's action.[2] He concluded that the action was time-barred because Clark filed it more than ten months after the EEOC sent the right-to-sue letter to his post office box. Clark now appeals from this dismissal.[3]
 
 
 4
 Clark first contends that the ninety-day statutory period began to run on October 11, 1988, the date on which he actually received the right-to-sue letter from the EEOC, and therefore the complaint he filed in federal court thirteen days later was timely. We disagree. Under the fault approach set forth in St. Louis v. Alverno College, 744 F.2d 1314 (7th Cir.1984), a plaintiff must take reasonable steps to ensure his actual receipt of the right-to-sue letter; otherwise, he will be deemed to receive the letter when it arrives at the most recent address that he provided to the EEOC. That is the situation here. The undisputed facts are that on November 30, 1987, the EEOC sent the right-to-sue letter to Clark at the post office box designated by him, and that the letter was marked "unclaimed" two weeks later and returned to the EEOC. This delivery to Clark's most recent address was sufficient to trigger the commencement of the ninety-day time limit. That Clark apparently failed to check his box over the two-week period is immaterial. See Griffin v. Prince William Hosp. Corp., 716 F.Supp. 919, 921 (E.D.Va.1989). As the district court pointed out, "What [Clark] provided the EEOC was the correct address, and it still is. Whatever private arrangements he may have made for picking up the mail at that post office box were his responsibility, not those of the EEOC or Western Union." (Tr. 27-2 at 6). Clark produced no evidence of any steps he took to reclaim from Rosie Inway the mail he authorized her to pick up. In the absence of such evidence, the district court properly concluded that Clark's delay in filing the Title VII action was his own fault.
 
 
 5
 Clark next contends that principles of equitable tolling apply to excuse his noncompliance with the ninety-day filing period. We again disagree. Although Clark correctly notes that this time period functions like a statute of limitations and is subject to equitable tolling, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); McGinty v. United States Dep't of Army, 900 F.2d 1114, 1118 (7th Cir.1990); Jones v. Madison Service Corp., 744 F.2d 1309, 1314 (7th Cir.1984), he misperceives the limited circumstances in which these principles apply. As we stated in Jones, "equitable tolling is to be restricted and reserved only for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." 744 F.2d at 1314. See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (suggesting that tolling is appropriate where the plaintiff is misled by the defendant or improperly notified of his rights by the court, or where a motion to appoint counsel is pending when the filing period expires). Clark's reasons for invoking equitable tolling--that the state forum refused to make him whole, that he aggressively prosecuted his case for ten years, that his state court action was pending when the EEOC dismissed his charge, and that the St. Louis case is distinguishable from his case, simply do not meet this "good faith error" standard. And the cases that Clark cites as support are not analogous to his situation. See, e.g., Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983) (tolling rule for class actions); Donnelly v. Yellow Freight System, Inc., 874 F.2d 402 (7th Cir.1989) (plaintiff's state law claim for employment discrimination which she filed in state court within ninety days of her receipt of the right-to-sue notice tolled Title VII's limitations period despite her failure to exhaust state administrative remedies), aff'd, 58 U.S.L.W. 4420 (U.S. Apr. 17, 1990) (No. 89-431).
 
 
 6
 Clark's remaining contentions regarding the propriety of the EEOC's dismissal of his charge, the fairness of the HRC's proceedings, and his entitlement to supplemental federal relief are irrelevant to the timing question, and therefore are not addressed here.
 
 
 7
 To the extent that Clark attempts to raise any arguments for reversal for the the first time in his reply brief, these arguments are waived. See Sims v. Mulcahy, 902 F.2d 524, 536 n. 5 (7th Cir.1990).
 
 
 8
 Because Clark failed to meet the ninety-day requirement for filing his Title VII complaint, and because no basis for tolling exists, the judgment below is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record
 
 
 [1]
 The same day, Clark moved the HRC to dismiss his case, with prejudice. The HRC granted the motion on October 28, 1988
 
 
 [2]
 Neither party raised any objection to the fact that the district judge dismissed Clark's complaint without Western Union ever having moved for such relief. We note, however, that Western Union's answer pleaded the ninety-day administrative deadline as an affirmative defense, and requested a judgment dismissing the complaint. The district judge, alerted to the timing issue, notified the parties that he contemplated a dismissal and ordered them to file, within ten days, legal and factual submissions on the issue. He thereafter conducted hearings before he ordered the dismissal of the complaint as untimely filed. Construing this order as an entry of summary judgment for Western Union (since the district judge accepted materials outside the pleadings), we conclude that it was proper for the district judge to act sua sponte. Clark had sufficient advance notice to present his submissions and full opportunity to establish the existence of disputed material facts prior to the district judge's summary disposition of his case. See Horn v. City of Chicago, 860 F.2d 700, 703 n. 6 (7th Cir.1988); see also C. Wright, A. Miller & M. Kane, 10A Federal Practice and Procedure Sec. 2720 at 27-28 (1983); cf. Doe v. St. Joseph's Hosp., 788 F.2d 411, 414-16 (7th Cir.1986) (sua sponte dismissal for failure to state a claim)
 
 
 [3]
 The failure of Clark's counsel to include in the appendix the district court's final judgment (R.20) along with its minute order raised an initial concern about our ability to hear this appeal. Ordinarily, a separate judgment must be entered before there is a final appealable order over which this Court may exercise jurisdiction. See Fed.R.Civ.P. 58 (separate judgment requirement); Wikoff v. Vanderveld, 897 F.2d 232, 236-37 (7th Cir.1990). Given that the district court's judgment was, in fact, set forth on a separate document, we need not address the issue of the sufficiency of the minute order as a final decision in this case. Nevertheless, we remind counsel to consult Fed.R.App.P. 30 and Circuit Rule 30 in preparing appendices to the briefs