United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-30355
(Summary Calendar)

CARLOS PALMA,

Plaintiff-Appellant,

versus

NEW ORLEANS CITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
U.S.D.C. 2:03-CV-2313-K

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The pro-se plaintiff, Carlos Palma ("Palma"), appeals from the order and final judgment of

the district court dismissing his Title VII action for failing to timely file his discrimination complaint

with the district court within 180 days of his employer's alleged discriminatory act. On appeal,

Palma contends the district court erred as a matter of law in dismissing with prejudice his Title VII

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim. For the reasons that follow, the order and final judgment of the district court dismissing Palma's action is AFFIRMED.

## BACKGROUND

On December 9, 1999, while still under employment with the City of New Orleans ("the City"), Palma filed a voluntary application for retirement. Palma's request for retirement was to become effective starting January, 16, 2000. His application was accepted by the City and Palma was separated from his employment with the City on January 15, 2000. Due to the specific timing of his retirement, however, Palma was not eligible to receive his retirement benefits. To be eligible for the benefits Palma needed to be at least sixty years of age at the time of his retirement. Although on his application for retirement Palma supplied the date of March 26, 1940 as his date of birth, his correct date of birth was in fact March 26, 1941. Thus, Palma was actually fifty-nine years of age when he separated from his employment with the City, even though the date he listed on his retirement application indicated he was sixty. Palma was informed of this discrepancy on January 20, 2000. Although Palma separated from the City in January of 2000, he would have been eligible to receive his benefits on March 26, 2000, just over two months away. When Palma attempted to rescind his retirement application, however, the City refused his request on January 28, 2000.

On June 24, 2003, Palma filed a claim with the Equal Employment Opportunity Commission ("EEOC") alleging that the City discriminated against him by refusing to rehire him. Palma is of Hispanic descent and his supervisors are of African-American descent. Palma's complaint was filed over two years after the alleged discriminatory act of January 28, 2000. On July 22, 2003, after concluding that Palma's claims were untimely filed, the EEOC dismissed Palma's complaint and issued him a notice of right to sue letter. On September 4, 2003, Palma filed the instant action in

2

United States District Court for the Eastern District of Louisiana. His complaint alleged that he was discriminated against by the City based on his race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 2000e et seq.[1] He also asserted that Louis Broussard, a former employee of the City, now retired, similarly listed an incorrect date of birth on his application for retirement, but was allowed to return to work when the discrepancy was discovered.

Subsequent to filing its answer to Palma's complaint, the City, on January 7, 2004, moved to dismiss Palma's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 11, 2004, while the motion to dismiss was pending, the district court conducted a hearing on a subsequent motion by Palma for appointment of counsel. Based on the evidence presented at that hearing, and on the facts alleged in Palma's complaint, the district court dismissed Palma's action with prejudice and entered written reasons for its decision. The court entered a final judgment thereafter and this appeal by Palma ensued.

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a party's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Spector v. Norwegian Cruise Line, Ltd., 356 F.3d 641, 643-44 (5th Cir. 2004). We are required to review a district court's underlying factual findings for an abuse of discretion. Robicheaux v. Radcliff Material, Inc., 697 F.2d 662, 666 (5th Cir. 1983). Before a claim can be dismissed under Rule 12(b)(6), the plaintiff's complaint "must be liberally construed in

---

[1] Palma apparently attempted to file a claim under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621 et seq, . In his effort, however, he seems to have mislabeled it as claim under Title I of the Civil Rights Act of 1991. It is unclear to us exactly what he means, and the district court failed to address the discrepancy. Nonetheless, because Palma failed to brief this claim it is deemed abandoned. See U.S. v. Fagan, 821 F.2d 1002, 1015 n.9 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

3

his favor, and all the facts pleaded in the complaint must be taken as true" to determine whether the plaintiff has any valid claim for relief. Brown v. Nationsbank Corp., 188 F.3d 579, 586 (5th Cir. 1999). We will affirm the district court's dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." U.S. ex rel. Thompson v. Columbia HCA/Healthcare Corp., 125 F.3d 899, 901 (5th Cir. 1997). It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981). However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the motion to dismiss.'" S. Christian Leadership Conference v. Supreme Court of State of La., 252 F.3d 781, 786 (5th Cir. 2001)(quoting Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. Mar. 1993)).

## DISCUSSION

### A. Untimeliness

Under 42 U.S.C § 2000e5(e), an employment discrimination plaintiff must file a charge of discrimination with the EEOC within 180 days of his employer's alleged unlawful practice. See Cruce v. Brazosport Indep. Sch. Dist., 703 F.2d 862 (5th Cir. 1983). Timely filing of the EEOC charge is not a jurisdictional prerequisite, but a precondition to filing in district court. Id. at 863-64; see also Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir. 1981). Indeed, the 180-day deadline acts as statute of limitations. As such, the filing deadline is subject to waiver, estoppel, and equitable tolling. See Zipes v. TWA, Inc., 455 U.S. 385 (1982); Coke, 640 F.2d at 595.

In his opposition to the City's motion to dismiss before the district court, and now before this court on appeal, Palma contends that he did not learn that he was discriminated against until May 12, 2003 when Broussard informed Palma that he had experienced a similar situation regarding discrepancies of his date of birth and his retirement application, not on the date the City refused to rehire him. He, thus, asserts that the district court erred in using the January 28, 2000 date in concluding his complaint was filed untimely. In the instant case, the district court found that Palma filed his charge with the EEOC over two years after the City refused to rehire him on January 28, 2000. The district court based its decision in part on evidence presented at the hearing on Palma's motion for appointment of counsel, including Palma's sworn testimony. At the hearing, Palma testified that he received a letter on January 20, 2000, from the retirement system informing him that he had not reached the age of sixty and that he would not be eligible to receive his benefits until March 26, 2000. Based on this information, Palma asserted that he attempted to get his job back. The district court noted that Palma testified that "he felt like he had been discriminated against" by the City "when they did not rehire him in January of 2000." Based on this testimony, the facts alleged in the complaint, and the motion to dismiss, the district court found that the alleged discriminatory act occurred on January 28, 2000. Because Palma asserted that the reason the City refused to rehire him was because of his racial or ethnic background, the court also concluded that Palma should have had sufficient notice of the City's discriminatory conduct on that date. The district court also found that Palma was approved to start receiving his benefits in October of 2000, and in fact started receiving the benefits in December of 2000, and continues to do till this day. Considering Palma's insistence that he did not file his complaint untimely, the district court also assumed, arguendo, that even if the last discriminatory act suffered by Palma occurred at the end of November

5

of 2000, since Palma reported he began receiving his benefits in December of 2000, Palma could not have filed his charge later than May of 2001 to be considered to have filed his complaint timely.[2] Palma did not file until June of 2003, over two years after the 180-day deadline. Based on our review of this record, we conclude that the district court did not abuse its discretion in finding that Palma failed to file his complaint timely.[3]

Given that we conclude that the district court correctly decided the timeliness issue, we would not otherwise address the district court's alternative decision concerning the merits of Palma's claim. However, because Palma is a pro se plaintiff, we choose to fully explain why the district court's determination should be affirmed. Accordingly, even if we assume, arguendo, that Palma's claim was timely, Palma nevertheless does not prevail on the merits. The district court concluded that Palma failed to state a prima facie claim for a Title VII discrimination action under 42 U.S.C. 2000e-2(a)(1). We agree. A prima facie claim of race or national origin discrimination by an employer is established if the employee demonstrates the following four elements: (1) he belongs to a protected group; (2) that he was qualified for his position; (3) that he was dismissed or suffered an adverse employment action; and (4) that the adverse employment decision was differentially applied to him; i.e., his

---

[2] The district court seems to have been alluding to the Fifth Circuit's equitable doctrine of "continuing violation." See Waltman v. Int'l Paper Co., 875 F.2d 468, 474 (5th Cir. 1989) (arising '[w]here the unlawful employment practice manifests itself over time, rather than as a series of discrete acts') (citation omitted).

[3] The district court recognized Palma's assertion that he did not become aware that he was discriminated against until he spoke with Louis Broussard in May of 2003, but for reasons unknown did not fully address this assertion. The court instead concluded that the January 28, 2000 date that the City refused to rehire Palma should have been sufficient to put Palma on notice of discrimination. We nevertheless can surmise that from Palma contrary testimony at the hearing, the court rejected Palma's assertion regarding Broussard. For that same reason, we also reject Palma's assertion regarding Louis Broussard.

employer sought to replace him with a similarly qualified person of a different race. See Rubinstein v. Administrators of the Tulane Educational Fund, 218 F.3d 392, 399 (5th Cir. 2000). Although Palma can satisfy the first two elements, he fails to establish any facts or evidence to demonstrate that he suffered an adverse employment action or that the adverse employment decision was differentially applied to him. As the district court noted, Palma voluntarily separated his employment from the City. The City was under no obligation to rehire him and, therefore, did not engage in any behavior adverse to Palma. Palma has, on this record, offered no facts sufficient to establish that the City's refusal to rehire him was racially motivated. Based on our review of this record, we hold that the district court did not err in concluding that Palma failed to state a claim for which relief could be granted. Accordingly, the district court's dismissal of Palma's action under Rule 12(b)(6) was not in error. [4]

## CONCLUSION

For the foregoing reasons, the order and final judgment of the district court dismissing Palma's Title VII action for failing to timely file his discrimination complaint in federal court within 180 days of the alleged discriminatory act is hereby affirmed.

AFFIRMED.

---

[4] We note the City's contention that it is entitled to attorney fees on the basis that Palma's claim is frivolous. We do not, however, find that Palma's claims were "frivolous, unreasonable, groundless, or made in bad faith, or that . . . [he] continued to litigate after it clearly became so." Tevino v. Holly Sugar Corp., 811 F.2d 896, 906 (5th Cir. 1987).